RIPLEY v. FRAZER.

(Supreme Court, Appellate Division, Fourth Department.    March 6, 1912.)

1. MASTER AND SERVANT (§ 238*)—DANGEROUS INSTRUMENTALITIES—ELEVATORS
   —CONTRIBUTORY NEGLIGENCE.
   Plaintiff sent by his employer to defendant's apartment house to repair a
   light cable on top of the elevator, and injured in so doing, *held* guilty of
   contributory negligence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681,
   743-748; Dec. Dig. § 238.*]

2. TRIAL (§ 362*)—VERDICT—RENDITION.
   In submitting a negligence case to the jury, the court directed them
   to answer three specific questions, whether defendant was negligent,
   whether plaintiff was negligent, and what damages resulted to plaintiff
   from the accident, telling the jury that they need not answer the last
   question if they found either that the accident was not occasioned by
   defendant's negligence. or that it was occasioned by plaintiff's negligence.
   The jury. misapprehending this instruction, after finding that defendant
   was negligent, and that plaintiff was also guilty of contributory negli-
   gence, but not having agreed as to the third question, when the officer
   was instructed to permit them to go if they had not agreed, they were
   permitted to separate. and the next morning, on being reassembled, the
   foreman stated that they had answered the first two questions, but not
   the last one, whereupon the court, believing the two questions had been
   answered in plaintiff's favor, discharged them. but later, in conversing
   with a juryman, learned that they had probably answered the questions
   in defendant's favor, whereupon he reassembled the jury, directed them
   to retire and return a verdict on the two questions on which they had
   agreed. which they did, on which the court directed judgment for de-
   fendant. *Held*, that the court had power to send the jury back and re-
   ceive the verdict; his act in previously discharging them being due to
   an inadvertence.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 865-868; Dec. Dig.
   § 362.*]

Appeal from Trial Term, Onondaga County.

Action by Clarence L. Ripley against Frederick Frazer.  From a
judgment for defendant for costs and dismissing plaintiff's complaint
on the merits, and from an order denying plaintiff's motion for a new
trial (69 Misc. Rep. 415, 127 N. Y. S. 577), he appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROB-
SON, and FOOTE, JJ.

J. David Enright, for appellant.
Clifford H. Searl, for respondent.

KRUSE, J.   [1] The plaintiff, an electrician, was sent by his em-
ployer to repair the electric lights in the defendant's apartment house,
in which there was an elevator.   The elevator was lighted by a lamp
connected with an electric cable, which extended from a fuse box at
the fourth floor and entered the elevator at the top, where a break was
discovered.   The plaintiff sat on top of the elevator, repairing the
cable.   He knew that, if the elevator went to the seventh floor, he
would be squeezed between the top of the elevator and the ceiling of
the elevator shaft.   He had looked over the situation there, and had
called the elevator boy's attention to it, as he says.   He told the ele-

vator boy not to run above the sixth floor, and the elevator boy prom-
ised not to do so. But the boy forgot, and ran to the seventh floor, to
take a lady passenger there, and plaintiff was hurt. He says the ele-
vator boy was careless, and so the jury found, and probably without
difficulty; but the jury also found that the plaintiff himself was lack-
ing in care and caution.

The plaintiff could just as well have stepped from the elevator be-
fore it started. He could not work while it was running. The top
of the elevator was opposite or near the floor above the one where
the passenger entered, and all that he would have had to do was to
open the door and step out. He chose to remain. He also knew, if
he was observing, that, after the boy passed the sixth floor, he would
probably go to the seventh. He knew he had a passenger. But he
says that he paid no attention to whether the boy was following in-
structions not to go beyond the sixth floor, and he did not know at
what floor they were until he was struck. It is unnecessary to refer
to other circumstances, either for or against the claim of contributory
negligence. The trial court submitted that question with the others
to the jury, in a charge that was apparently satisfactory to the plain-
tiff, and I think the jury was warranted in finding that the plaintiff
himself was not free from contributory negligence.

[2] I have given a mere outline of the evidence. There is, how-
ever, another question in the case, which requires further attention.
The presiding judge told the jury that he would not ask them to ren-
der a general verdict, but to answer specific questions in writing. He
submitted three questions—(1) Was the defendant guilty of negli-
gence which caused the accident? (2) Was the plaintiff guilty of con-
tributory negligence? (3) What damages were caused to plaintiff
by the accident complained of?—stating that they need not answer the
last question if they should find either that the accident was not oc-
casioned by the elevator boy's negligence, or that it was occasioned in
whole or in part by the plaintiff's negligence. But the jury evidently
misapprehended, or forgot that it was unnecessary to answer the last
question, in the event that they found against the plaintiff upon either
of the others. Instructions had been given to the officer in charge of
the jury that, if they did not agree by a certain time in the course
of the evening, to discharge the jury. The jury had agreed among
themselves that the elevator boy was negligent, and also that the plain-
tiff himself was guilty of contributory negligence; but had not agreed
upon the third question, as they thought necessary to do. The officer
was informed that they had not agreed, and thereupon, at the ap-
pointed time, the jury was permitted to go. The next morning, at
the opening of court, they were called and the record shows the fol-
lowing proceedings:

"Clerk of the Court: Gentlemen of the jury, have you agreed on a verdict
and answered the questions submitted to you by the court?

"Foreman of the Jury: We have not. We have answered the first two
questions and not the last one.

"The Court: Not the last one?

"Foreman of the Jury: No, sir.

"The Court: Jury discharged."

In this connection it should be stated that immediately after the court had discharged the jury the foreman stepped up to the judge, and asked to be excused from service for the afternoon, which was granted. He then asked whether, if the jury had found in favor of the defendant on either one of the first two questions, it was necessary for the jury to decide the third, to which the judge replied, "Did you do that?" and immediately directed the jury to return to the jury box. Then occurred the following:

"Clerk of the Court: Gentlemen, please take your seats again.

"The Court: I think I had better examine that verdict. Gentlemen, I think I will take your verdict and see what it is.

"Foreman of the Jury: We didn't seal the verdict because we didn't finish it. That is, they agreed so far, and didn't finish the last question.

"The Court: Gentlemen: You may retire and bring in a verdict on the two questions upon which you did agree.

"(Jury retired.)"

The jury returned with a verdict in writing, answering both questions in the affirmative, and thereupon the judge directed judgment in favor of the defendant.

It is unnecessary to follow through the colloquy between the court and counsel for the respective parties, after the jury retired, or to state in detail the contents of the affidavits of the jurors and others, relating to what occurred in and out of the jury room. It is sufficient to say that it very clearly appears that the jury had agreed upon the verdict which they finally rendered, before they were discharged by the officer, the evening before, and the reason they did not then reduce to writing and seal their verdict was because of the misapprehension to which I have called attention. And it is also very clear that between the time they were permitted to go by the officer and returned to the jury box in the morning nothing occurred which in any way could have influenced them in their final report, even if they had not agreed until their final meeting in the morning. The trial judge states that in discharging the jury it was not a mere slip of the tongue, but was his deliberate act, believing that in view of his charge the jury had answered the first two questions in favor of the plaintiff, and had been unable to agree on the amount of the verdict. And from the colloquy and the position taken by the respective counsel during the colloquy it is evident that they also believed that the jury had found for the plaintiff, even up to the time when they were sent back, although the judge evidently suspected from the interview with the foreman (which, I assume, counsel did not hear) that his belief was not well founded. The judge saw to it, however, that each counsel was amply protected by proper exceptions, so as to enable either to attack the verdict, which plaintiff's counsel did as soon as the verdict was rendered, contending that the court had no power to direct a jury to again retire, after they had separated and after he had discharged them, and that a mistrial had resulted. The judge, after carefully considering the question (Rippley v. Frazer, 69 Misc. Rep. 415, 127 N. Y. Supp. 577), denied the motion for a new trial, and the plaintiff appeals from that order, and from the judgment entered thereon.

I think the trial judge was clearly right in sending the jury back and in receiving their verdict. While the judge had publicly announced the discharge of the jury, he almost instantly thereafter recalled that announcement, and sent the jury back to report their verdict. Even where a jury have agreed upon a verdict, reduced it to writing, and sealed it, and they have separated but not been finally discharged from the case, the jury has been permitted to again retire, consider the case, and bring in a verdict for a larger amount than that stated in the sealed verdict. Warner v. N. Y. C. R. R. Co., 52 N. Y. 437, 11 Am. Rep. 724. But here the jury had already agreed upon the questions which they finally reported, although it had not been announced. All that was left to do was to reduce to writing the special verdict, as the Code requires (Code of Civil Procedure, § 1187), and that was a mere clerical act. Courts have gone even farther than here in obtaining, perfecting and saving the verdict of a jury, after they have separated, where through inadvertence or mistake the result of their deliberations has not been correctly reported or recorded. Wirt v. Reid, 138 App. Div. 760, 123 N. Y. Supp. 706, and cases there cited.

I think the judgment and order should be affirmed, with costs. All concur.