(78 Misc. Rep. 507.)

HOFFMAN v. BROOKLYN, Q. C. & S. R. CO. et al.

(Supreme Court, Appellate Term, Second Department.   December 13, 1912.)

1. TRIAL (§ 328*)—VERDICT—SUFFICIENCY.

In an action against the L. Co. and another, a verdict "in favor of plaintiff to be paid by the L. Co." was sufficient as a verdict against the L. Co., and in favor of the codefendant against plaintiff, where plaintiff made no motion to instruct the jury to make a finding as to the codefendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 771–773; Dec. Dig. § 328.*]

2. TRIAL (§ 419*)—MOTION FOR NONSUIT—WAIVER OF EXCEPTION.

A defendant, by going into its defense, waived its exception to the court's refusal to dismiss at the close of plaintiff's evidence in chief.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

3. TRIAL (§ 419*)—MOTION FOR NONSUIT—WAIVER OF EXCEPTION.

A defendant waived its exception to the denial of a motion for a nonsuit at the close of its evidence where, although its counsel stated that he withdrew from the case and did not wish to cross-examine plaintiff in rebuttal or his codefendant's witnesses, he renewed his motion at the close of the whole case, and summed up the case to the jury, since he, in effect, conceded that there were disputed questions of fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

4. TRIAL (§ 62*)—RECEPTION OF EVIDENCE—REBUTTAL.

A defendant could not, by refusing to participate further in the trial after the close of its evidence, deprive plaintiff of the right to offer evidence in rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Mary Hoffman against the Brooklyn, Queens County & Suburban Railroad Company and another. From the judgment, plaintiff and the defendant Long Island Railroad Company appeal. Affirmed.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Adolph Kiendl, of Brooklyn, for appellant Hoffman.

Dominic B. Griffin, of New York City, for appellant Long Island R. Co.

James W. Carpenter, of Brooklyn, for respondent.

MADDOX, J.   Plaintiff, a passenger on one of the cars of the trolley company, sues to recover $500 damages for personal injuries, because of the alleged negligence of the defendants, due to the derailing of the trolley car in which she was riding. Trial before a justice and a jury, resulting in a verdict in plaintiff's favor against the Long Island Railroad Company for $500.

At the close of plaintiff's case, motions to dismiss were made by counsel for both defendants, and denied, with an exception to each,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whereupon counsel for the Long Island Railroad Company put in its defense, oral, documentary, and the concessions of the trolley company's counsel, and rested its case. Then he renewed his motion for a nonsuit, which was denied, with an exception, and stated that he withdrew "from the case," did not "desire to participate in the cross-examination of either the plaintiff on rebuttal, or his codefendant's witnesses," but reserved to himself "the right to sum up." The trolley company thereupon put in its proof, and the case was closed, whereupon counsel for each defendant again moved to dismiss, which motions were denied, with an exception.

Counsel for the Long Island Railroad Company summed up, as did also the counsel for trolley company and for plaintiff, and the jury returned a verdict "in favor of the plaintiff for the full amount, to be paid by the Long Island Railroad Company." The only motion then made was by the counsel for the Long Island Railroad Company "to set aside the verdict of the jury, upon the ground that it is contrary to the law, contrary to the facts, and contrary to the wording of the plaintiff's complaint," which was denied, with an exception.

No return by the jury as to the trolley company was made, and from the record it is to be assumed that the parties interpreted and construed the verdict to be in favor of the plaintiff as against the Long Island Railroad Company only, as had been announced, but in favor of the trolley company against the plaintiff. The court then dismissed the complaint as to the trolley company, with costs, and judgment was entered accordingly.

[1] The verdict was effectual as between the plaintiff and Long Island Railroad Company, and plaintiff, if aggrieved, might at that time have requested the court to instruct the jury as to their duty to find one way or the other, or to make some return as to the trolley company. This her counsel omitted to do. It is to my mind clear that the jury found against the Long Island Railroad Company and in favor of the trolley company, for such is the only conclusion to be reached from the language of their verdict, which was "to be paid by the Long Island Railroad Company," and from his silence and omission to make appropriate motions plaintiff's counsel should be held to have acquiesced therein and to have accepted such result.

Plaintiff has since appealed from the judgment of dismissal as to the trolley company. The case cited by her counsel (Porter v. Mount, 45 Barb. 422, 426) does not aid her here. It does not appear that plaintiff in that case made any motion, but the court allowed her to dismiss the complaint and discontinue the action as against the defendant, as to whom the jury made no return, "to the same effect as if a verdict had been found in his favor." In Lockwood v. Bartlett, 130 N. Y. 340, 353, 29 N. E. 257, 261, no return was made by a jury as against the defendant Smith. Counsel for the defendants, against whom the verdict had been returned, contended that "no verdict effectual to support the judgment" had been rendered, and the court said:

"As the plaintiffs consented to and did accept the verdict against those defendants, it is difficult to see any further support for the action against the defendant Smith, while the recovery on the verdict remains effectual."

[2] The defendant Long Island Railroad Company, by going into its defense, waived its exception to the refusal of the court to dismiss the case at the close of plaintiff's evidence in chief. Jones v. Union Railway Co., 18 App. Div. 267, 268, 46 N. Y. Supp. 321; Porges v. United States Mortgage & Trust Co., 203 N. Y. 181, 185, 96 N. E. 424.

[3] When it had concluded the introduction of its proof, its counsel announced:

"That is my case. I renew my motion for nonsuit."

Such motion was denied, with exception. It is true that counsel then stated that he withdrew from the case; but he did not withdraw, though he did not cross-examine the witnesses called by the trolley company. At the close of the whole case he again renewed his motion, and thereupon summed up the case to the jury. Consequently he continued and participated in the submission of the case to the jury, thus in effect conceding that there were disputed questions of fact. He relies upon Bopp v. N. Y. Electric Vehicle Transportation Co., 177 N. Y. 33, 69 N. E. 122, as support for his contention that the Long Island Railroad Company may now avail itself of the full benefit of the exception taken when it had put in its proof; but the holding in that case must, it seems to me, be confined to the facts there presented.

I find no error in the court's denying the Long Island Railroad Company's motion, even if that defendant had the right to make and rely upon it, since there was then before the jury proof of the physical situation at the place in question and the distance of the facing point switch from the grade crossing of the defendants' roads, 94 feet; the Long Island Railroad Company operating a steam, and the trolley company a street surface, railroad; where the trolley car then was, and whether in motion or not; and that the Long Island Railroad Company's switchman at such crossing had control of the switch. Upon such proofs, that was enough to go to the jury upon the question of the switchman's conduct, whether negligent or not, and upon the proofs then before the court the minds of reasonable men might differ.

[4] But aside from this last consideration I am of opinion that the Long Island Railroad Company had no justification, at the close of its proofs, to rest, and thus deprive the plaintiff of an opportunity of offering evidence in rebuttal as against its proof. If that practice were permissible, then much confusion and injustice would result.

Judgment affirmed, with costs. All concur.