## COUNTY COURT — NASSAU COUNTY.

### August, 1918.

## MATTER OF THE PROCEEDINGS TO PUNISH THOMAS B. NUNNS FOR CONTEMPT

(104 Misc. 350.)

CONTEMPT — WHAT CONSTITUTES — WHEN JUROR ADJUDGED GUILTY OF — CRIMINAL LAW — JUDICIARY LAW, § 750.

Where one upon examination as to his qualifications to sit as a juror upon the trial of an indictment for keeping a disorderly house denied any acquaintance with either of the defendants, that he had ever been in the place charged as being a disorderly house or that he had any knowledge thereof, and, upon a motion to punish him for contempt, it appears that while the jury was deliberating upon its verdict he told other jurors that he was acquainted with one of the defendants, the place of business in question and that he had been in it several times before the trial, he will be adjudged guilty, his conduct constituting a contempt of court under section 750 of the Judiciary Law.

APPLICATION by the District Attorney of Nassau county to punish a juror for contempt of court.

*Elvin N. Edwards, Assistant District Attorney,* for People.

*Harry G. Clock,* for Thomas B. Nunns.

SMITH, J.:

This is an application by the District Attorney of Nassau county to punish a juror for contempt of court.

Thomas B. Nunns was chosen as a trial juror in the case of People of the State of New York against Louis and Alice Schwab, defendants, which case was tried in this court on the 8th, 9th, 10th and 11th days of July, 1918. The defendants

were charged with keeping a disorderly house in the village of Freeport, this county.

The juror in question resided at the time of the trial and for some years previous thereto in Freeport. When he was examined as to his qualifications as a juror in the said case by the Assistant District Attorney, he was asked if he was acquainted with the defendants or either of them; if he had ever been in the defendants' place of business at Freeport, the place charged as being a disorderly house; if he knew anything about the place, and to each of these questions he answered "No." He was also asked if he would decide the case solely upon the evidence adduced at the trial. To this question he answered "Yes." He was also asked, if he were chosen as a juror, would he be fair to the People and fair to the defendants in his consideration of the case. To this question, he also answered "Yes." Thereafter, he was chosen as a juror and sworn " to well and truly try and true deliverance make between the People of the State and the defendants at the Bar."

It is now asserted by the District Attorney that the said answers given by the said juror were in fact false and untrue and wilfully so. That, as a matter of fact, the juror in question was well acquainted with the defendants and had been in their place of business (the same place specified in the indictment as a disorderly house) many times before the trial of the said case.

That the answers in question were given substantially as above stated and that they were false and wilfully so there can be no doubt for they are in no way denied by the juror and no attempt has been made by the juror in any way to explain his conduct. Aside from the moving papers herein, I quite clearly recall the substance of the above questions and answers having been made and given when the juror in question was examined.

In order that the court might have first-handed information, the other eleven jurors were subpœnaed in this proceeding before the court and examined for the sole purpose of ascertain-

ing whether or not the statements made by the said juror Nunns as to his not being acquainted with the defendants or their place of business were true, and from the testimony of the other jurors it clearly appears that the juror Nunns told them while deliberating upon the case that he was acquainted with the defendant Schwab and also the place of business in question and that he had been in the place in question several times before the trial.

Section 413 of the Code of Criminal Procedure provides, " If a juror have any personal knowledge, respecting a fact in controversy in a cause, he must declare it in open court, during the trial. If, during the retirement of the jury, a juror declare a fact, which could be evidence in the cause, as of his own knowledge, the jury must return into court. In either of these cases, the juror making the statement must be sworn as a witness, and examined in the presence of the parties."

Counsel for the offending juror argues in his memoranda at considerable length and cites a number of cases to the effect that a juror cannot be questioned for his verdict. That is, of course, true. It am well aware of the provisions of section 14 of the Civil Rights Law that: " A juror shall not be questioned, and is not subject to an action, or other liability civil or criminal, for a verdict rendered by him, in an action in a court of record, or not of record, or in a special proceeding before an officer, except by indictment, for corrupt conduct, in a case prescribed by law." The above rule, however, in my opinion has no application to this proceeding. The question here presented is, Does the conduct of the juror constitute contempt of court? Section 750 of the Judiciary Law provides in part as follows: " A court of record has power to punish for a criminal contempt, a person guilty of either of the following acts, and no others: 1. Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence,

and directly tending to interrupt its proceedings or to impair the respect due to its authority."

In my opinion, the conduct of the juror in question in this matter was distinctly disgraceful and contemptuous for his answers were false; he must have known they were false at the time they were given, and the only logical conclusion, in my opinion, that can be reached is that his answers were deliberately made. The principal ingredient of the definition of " contempt" is " disregard of the authority of the court." (2 Words & Phrases, 1489.)

The method and manner of selecting a jury in the trial of criminal cases is well-known to both lawyers and laymen, and it is seldom that jurors are sworn to give true answers to all questions put to them as to their qualifications, except in capital cases. It, however, is beyond dispute that it is the clear duty of every citizen who is called to serve as a juror, when being examined as to his qualifications, to give truthful answers. Both counsel and court, as well as litigants, have a right to expect from each juror, when he is called to the jury box, that he will give true answers to questions that are put to him concerning his qualifications as a juror. And in my opinion any juror who so far disregards his duty as to wilfully give such false answers to questions that are put to him by counsel when he is being examined as to perpetrate a deceit upon both counsel and the the court is contemptuous of the authority of the court and the orderly administration of the law.

If such conduct could be allowed to go unpunished, it would seem to me that the practical effect of it would be to break down our tribunals of justice and destroy their functions. No man's rights would be safe, in my opinion, in a court if jurors can deliberately deceive the court and counsel in the matter of their qualifications so as to sit in judgment and then go unpunished for such misconduct.

It is perfectly clear that had the juror in question been sworn

before he had given the answers in question his conduct would have constituted perjury.

It is my opinion that contemptuous conduct does not consist alone in acts that may be insolent, insulting or disrespectful, but includes conduct which shows a disregard of the authority of the court, and disrespect for orderly procedure in the administration of the law.

In the case of Gresswell v. O'Rourke (163 N. Y. Supp. 580), Mr. Justice KELLY held it was contempt of court for a defendant to divest himself of his real and personal property after a judgment had been obtained against him and a stay of execution obtained.

In Matter of Teitelbaum (84 App. Div. 351), it was held that a defendant in an action who on the trial thereof, in the immediate view and presence of the court, abstracted and secreted a paper containing a contract which was the subject of investigation on the trial, was guilty of criminal contempt.

In the case of People ex rel. Choate v. Barrett (56 Hun, 351, 8 N. Y. Crim. 13), it was held to be a contempt of court for a reporter to secret himself in a jury room and overhear what took place while the jurors were deliberating.

It has been held that in civil cases, where a juror is chosen who has given untruthful answers as to his relations with the parties, there is ground for a new trial. (Fealy v. Bull, 11 App. Div. 468.) In a criminal case, however, such as the case of People against Schwab, where the verdict is one of " not guilty," there can be no new trial and the wrong done by the deceit of a juror in a criminal case where the verdict is for the defendant, I believe cannot be corrected.

Upon all the facts in this matter, I am convinced that the juror Nunns is guilty of contempt of court and I so find, and for his contempt he shall pay a fine of $150, and in default thereof he shall be imprisoned in the Nassau county jail for the period of thirty days.

Ordered accordingly.