LOUISE PORRET, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

(Argued October 23, 1929; decided November 19, 1929.)

*Arthur J. W. Hilly, Corporation Counsel* (*Vine H. Smith, Charles C. Marrin* and *J. Joseph Lilly* of counsel), for appellant. There was no basis for the entry of judgment in favor of plaintiff, because the so-called verdict, constituting the only foundation for the judgment, was irregular and unauthorized and was rendered after the trial had already resulted in a mistrial which the court erroneously failed to recognize. (*Anderson* v. *Illinois Surety Co.*, 157 App. Div. 691.) The court's instructions in resubmitting the case to the jury were erroneous in that they permitted, and tended to coerce, the jury to render a compromise verdict. (*Zeilian* v. *Beggs & Co.*, 153 App. Div. 687; *Wiegand* v. *Fee Bros. Co.*, 73 App. Div. 141; *Baum* v. *Halperin*, 169 N. Y. Supp. 489; *Maltz* v. *N. Y. Butchers Dressed Meat Co.*, 198 N. Y. Supp. 222; *Sohlman* v. *Cluny Art, etc., Co.*, 129 N. Y. Supp. 106; *People* v. *Sheldon*, 156 N. Y. 268; *Hagen* v.

*N. Y. C. & H. R. R. R. Co.*, 79 App. Div. 519; *Twiss* v. *L. V. R. Co.*, 61 App. Div. 286; *McCarthy* v. *Odell*, 202 App. Div. 784; *Levinson* v. *Zipkin*, 65 Misc. Rep. 203.)

*M. A. Willment* for respondent. The verdict was not irregular, was not a compromise verdict, nor was it a coerced verdict. (*Warner* v. *N. Y. C. & H. R. R. R. Co.*, 52 N. Y. 437; *Rippley* v. *Frazer*, 69 Misc. Rep. 415; *Briggs* v. *Hilion*, 99 N. Y. 531; *Hodgkins* v. *Mead*, 119 N. Y. 166; *Hatch* v. *Attrill*, 118 N. Y. 383; *Blackley* v. *Sheldon*, 7 Johns. 33; *Bunn* v. *Hoyt*, 3 Johns. 255; *Rosenthal* v. *Standard Oil Co.*, 118 Misc. Rep. 249; *Salemon* v. *New York City Ry. Co.*, 56 Misc. Rep. 502; *Rogan* v. *Mullins*, 22 App. Div. 117; *Tannenbaum* v. *Cohen*, 100 Misc. Rep. 360; *Wands* v. *City of Schenectady*, 171 App. Div. 97.)

CARDOZO, Ch. J. In an action for personal injuries the trial judge submitted the issues to the jury and ordered a sealed verdict. The next morning the jury reported through its foreman that there was unanimous agreement that the plaintiff was entitled to recover something, but disagreement as to the amount. The judge refused to accept a verdict in that form, and sent the jury back to consider it again. Before doing this, he ascertained that there was a possibility of agreement if deliberations were resumed. Counsel for the defendant objected to the resubmission, and now insists that it was error.

A jury which has separated after formulating a written verdict and leaving it, sealed, with the clerk or bailiff of the court, is not discharged thereby from the consideration of the cause. It is under a duty to return to the jury box upon the opening of court and report what has been done. It is a jury still, and not an unorganized group of individuals, members of the general panel. The verdict, if regular in form, and assented to by the jury when read in open court, will be accepted by the judge and

recorded in the minutes. If it is imperfect or incomplete, or if the jury, when polled, are unwilling to assent to it, there may be a direction to retire and consider it again. The powers of trial judges at such times have been stated often before now (*Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 437; *Brigg* v. *Hilton*, 99 N. Y. 517, 531; *Hatch* v. *Attrill*, 118 N. Y. 383; *Hodgkins* v. *Mead*, 119 N. Y. 166; *Labar* v. *Koplin*, 4 N. Y. 547; *Bunn* v. *Hoyt*, 3 Johns. 255; *Blackley* v. *Sheldon*, 7 Johns. 32; *Rogan* v. *Mullins*, 22 App. Div. 117). Good may come, none the less, of stating them again.

We are not to confuse cases where a jury has returned to the box after reporting an irregular verdict with those where it has been discharged altogether and relieved, by the instructions of the judge, of any duty to return. In such circumstances, it has ceased to be a jury, and if its members happen to come together again, they are there as individuals, and no longer as an organized group, an arm or agency of the law. The record does not fairly justify the inference that this jury had reassembled in any such desultory way. It had given what was at least the semblance of a verdict, a semblance which had procured for its members the opportunity to separate, but which left them still charged with a duty to complete what they had done. Function and organization continued unimpaired.

The defendant criticises the charge upon the resubmission of the cause as limiting the jury to the question of damages instead of leaving them free to reconsider the cause in its entirety. We can see in the charge no such limitation of their power. If the fact be otherwise, there was neither request nor exception to indicate the error.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.