INTERNATIONAL MADISON BANK AND TRUST COMPANY, Plaintiff, *v.*
LOUIS SILVERMAN, Defendant.

Supreme Court, Kings County, December 24, 1930.

*Walter Jeffreys Carlin*, for the plaintiff.

*Samuel Goldstein* [*George Wolf* of counsel], for the defendant.

HARRIS, J. This action was tried before the court and a jury at the October Trial Term in Kings county.

The cause of action was based on certain negotiable notes made by the defendant to the order of the predecessor in interest of the plaintiff. The defense was that the notes had been discharged by a payment made by a third party on behalf of the defendant. (Neg. Inst. Law, § 200, subd. 1.) The burden of proof of such defense was on the defendant, and after all the testimony had been taken the case was submitted to the jury. After several hours of deliberation the jury returned to the court and announced it had found a verdict for the defendant, and after inquiry by the court and by the clerk the jury announced that the verdict was of no cause of action for the defendant, and a record to that effect was made in the minutes of the court. The court then stated that as there was no further business for the members of the jury that day, they were excused until the following morning. This constituted a discharge of the jury from consideration of the above-entitled cause. The plaintiff made a motion to set aside the verdict as

contrary to law and contrary to the evidence, and the court denied such motion on the ground that the question submitted to the jury was purely a question of fact and a disposition of the same either way by the jury would be supported by the evidence.

A few minutes after the jury had left the court room the court was informed that one of the jurors had stated to the clerk of the court that the jury had made an erroneous statement of their verdict, and that it had been the intention of the jury to return a verdict in favor of the plaintiff for the amount sued for, to wit, the sum of $13,320.08. The court sent for the jurors, but found that they had already left the court house, and the court then instructed the clerk to notify the men who had constituted the jury and interested counsel to be present in court at ten o'clock the next day. On the convening of court the next day the men who had constituted the jury in this cause were placed in the jury box and, over the protests of the attorneys for the defendant, were interrogated on the question as to what their intention had been in returning the verdict, and the jury then stated and on poll reiterated that it had been their intention to find a verdict for the plaintiff for an amount on which suit had been brought, and not a verdict of no cause of action in favor of the defendant. There was no doubt in the court's mind that such statement was one of truth, and the court accordingly directed the clerk to enter in his minutes a verdict in favor of the plaintiff against the defendant, in place of the verdict of no cause of action entered the previous day, this all over the protest of the attorney for the defendant. Following this the court ordered a stay of all proceedings pending the further order of the court.

The question now under consideration is whether the verdict of no cause of action in favor of the defendant should stand as the verdict of the jury. It is undoubtedly the law that after a jury has been discharged it can no longer function as a jury (*Porret* v. *City of New York*, 252 N. Y. 208), but there is ample authority to hold that if a jury has returned a verdict and has been discharged and later it appears that such verdict is an erroneous expression of the jury's viewpoint on the issues, then the court, on proper proof that such verdict is an erroneous one, may direct that there be entered on the minutes of the court, and put into effect, the verdict which the jury really found. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Rippley* v. *Frazer*, 69 Misc. 415; affd., 149 App. Div. 399; *Wirt* v. *Reid*, 138 id. 760, and cases therein cited and collated.)

The following quotation from *Wirt* v. *Reid* (*supra*), " The court has power over its record so as to correct mistakes and make the records state correctly the facts as they existed. It has power where a verdict is returned and entered on a subsequent day to correct

the record of the verdict so as to correctly express just what the jury decided, and for that purpose may receive the affidavit of jurors as to the verdict that they intended to render," shows that in case of error on the part of the jury in the expression of its verdict, the court has a right and is under the duty to prevent injustice by establishing in the records of the court the true verdict of the jury.

In view of the foregoing, the verdict as rendered by the jury in favor of the plaintiff is the true verdict of the jury and should stand as such and the stay of all proceedings be set aside.

It was agreed that if the court should hold against the defendant in this matter, the defendant would have an opportunity to make a motion for a new trial on the ground that the verdict was against the weight of evidence and contrary to law.

In view of the court's viewpoint that the question submitted to the jury was a clear-cut question of fact, and would have been supported by ample evidence, no matter which way the jury decided such question, such motion is considered as having been made on behalf of the defendant and is denied.

In view of the interesting question presented herein and that the defendant may have an opportunity to perfect an appeal, if he so desires, the defendant is allowed a stay of all proceedings after service of notice of entry of judgment, for thirty days, in order to perfect such appeal.