ROSE D. HART, Individually, and as Administratrix, etc., of WILLIAM H. HART, Deceased, Plaintiff, *v.* NATIONAL CASKET COMPANY, INC., ROYAL BEER DISTRIBUTORS, INC., JOSEPH OFFNER and COLOGERO MODICA, Defendants.

Supreme Court, Queens County, January 25, 1937.

*Jay J. Lehrman*, for the plaintiff.

*John J. Kirwan [James J. McLoughlin* of counsel], for the National Casket Company, Inc., and Joseph Offner, defendants.

HALLINAN, J. The defendants National Casket Company, Inc., and Joseph Offner move, upon a sealed verdict rendered by a jury at a Trial Term of the Supreme Court, Queens county, on Monday, November 16, 1936, for an order directing the county clerk of Queens county to enter judgment in favor of the plaintiff against the defendants Royal Beer Distributors, Inc., and Cologero Modica in the sum of $50,000 and $380 funeral expenses, with costs, and in favor of the movant-defendants against the plaintiff, with costs.

By an order to show cause, dated November 25, 1936, a motion for like relief was made, returnable in Special Term, Part I, Kings

county, on November 27, 1936, *during the same term of court that the action was tried and the verdict rendered.* The learned justice then presiding in said part, in a memorandum decision dated December 14, 1936, denied that motion with leave to renew upon further and proper papers. Such a motion has now been made, by an order to show cause dated December 19, 1936, returnable at Special Term, Part I, Kings county, on December 22, 1936. This motion, as well as a cross-motion made by the plaintiff to restore the action to the Trial Term Calendar for a new trial as to the movant-defendants upon the ground that no verdict with respect to them had been rendered by the jury, have been referred to me, the justice who presided at the trial.

The action was brought to recover damages for the wrongful death of plaintiff's intestate who, while standing on the sidewalk, received fatal injuries as a result of a collision between a truck owned by the defendant Royal Beer Distributors, Inc., driven by the defendant Cologero Modica, and a truck owned by the defendant National Casket Company, Inc., driven by the defendant Joseph Offner. After a two-and-a-half-day trial on November 10, 12 and 13, 1936, the case was submitted to the jury and a sealed verdict thereafter ordered to be opened on Monday morning, November 16, 1936, in the presence of the jury and counsel or their representatives.

To aid the jury in its deliberations and with the consent of counsel for all parties, the court submitted to it a memorandum which set forth the names of the parties as well as which defendant was the driver of the truck owned by the defendant National Casket Company and which was the driver of the truck owned by the defendant Royal Beer Distributors.

Throughout the charge the jury was instructed fully that it had for consideration the negligence of the four defendants, namely, the owner and driver of the casket truck and the owner and driver of the beer truck; and that it could bring in a verdict against both drivers and their respective employers if it found both of the former responsible for the accident, or against one driver and his employer if it found that one driver alone was responsible.

There were no requests or exceptions by plaintiff's attorney to the court's charge. However, after counsel for one of the defendants had made several requests, plaintiff's counsel requested and the court charged the following: " In view of the requests, may I make one request: Will your honor charge the jury it is sufficient to support a verdict against all defendants if the negligence of all of them be a contributory cause, even though there be differing degrees of negligence of each."

On Monday, November 16, 1936, the sealed verdict was opened by the court in the presence of trial counsel and the jury sitting in the box. The following is a transcript of what took place:

" Appearances:

" Same as before noted.

" (The sealed verdict of the jury was opened in the presence of the Court and the jury and counsel for the respective parties.)

" The Clerk: Sealed verdict in the case of Rose D. Hart, as administratrix against the National Casket Company, Royal Beer Distributors, Joseph Offner, and Cologero Modica, reads as follows:

" ' We, the undersigned jurors, say we find a verdict for the plaintiff for $50,000 and funeral expenses against the defendant Royal Beer Distributors, Inc., and Cologero Modica, driver of the beer truck.'

" Signed by twelve jurors.

" Mr. Lehrman: I ask that the jury be polled.

" The Court: Yes, poll the jury.

" (The jury was polled by the Clerk of the Court, each juryman being asked whether the verdict as above recorded was his verdict, and each juryman answered in the affirmative.)

" Mr. Lehrman: The plaintiff moves to set aside the verdict and for a new trial upon the ground that it is contrary to the law, contrary to the evidence, and against the weight of the evidence, and upon all the grounds set forth in the Civil Practice Act.

" The Court: The motion is denied.

" Mr. Lehrman: Exception."

The disposition of this motion involves the construction or interpretation of the verdict as rendered by the jury in this case.

In view of the proceedings at the opening of the sealed verdict, there can be no doubt that at the time counsel for the respective parties and the court construed the verdict to be in favor of the plaintiff against the defendants Royal Beer Distributors, Inc., and Cologero Modica, alone, and in favor of the movant-defendants against the plaintiff. Plaintiff's counsel neither made objection to the form of the verdict nor raised any question as to its meaning and effect, which he should have done at that time. He did not move to set it aside upon the ground that it was incomplete or indefinite, nor ask that it be submitted to the jury as he might have done. (*Porret* v. *City of New York*, 252 N. Y. 208.) By polling the jury the plaintiff's counsel clearly established that the verdict as rendered was the verdict of each and every one of the jurors. In failing to make any request that the jury, which was then in the box, not yet discharged, be sent back to reconsider or clarify their verdict, it can fairly be said that the plaintiff thus consented to and

accepted the verdict as rendered and interpreted, and cannot now question the result. (*Lockwood* v. *Bartlett*, 130 N. Y. 340, 353; *Hoffman* v. *Brooklyn, Q. Co. & S. R. R. Co.*, [App. Term, 2d Dept.] 78 Misc. 507; *Saulsbury* v. *Braun*, [App. Div. 3d Dept.] 223 App. Div. 555; affd., 249 N. Y. 618.)

That the liability of the movant-defendants was considered by the jury in its deliberations there can be no question. The jury was given the case at eleven-thirty in the morning. At three-twenty in the afternoon it returned with four questions, three of which dealt with the casket company truck, to wit:

" The jury wish to set in their minds the position of the casket truck after it came to rest after the accident.

" The jury would have the attached photograph [referring to Exhibit B] marked with the exact pole where the casket truck came to rest.

" In addition to that, would also like to know in which direction the front of the casket truck was facing after the accident and it had come to rest."

After the court had been advised by the jury that it desired no further information and the business of the court having been disposed of, a sealed verdict was ordered.

Furthermore, it appears from the affidavits of ten of the jurors submitted by the movants that. the defendant Modica and his employer, Royal Beer Distributors, alone were found responsible for the accident; and that the jury had found in favor of the movants but had inadvertently neglected to insert that finding in the written sealed verdict. It appears that the two jurors, whose affidavits were not procured, stated to one of the attorneys associated with the attorney for the movants that it was the intention of the jury to find against the defendant Modica and his employer only and that they would not sign affidavits unless directed to do so by the court.

*Lockwood* v. *Bartlett* (*supra*) was a case where the verdict was " only against the defendants other than Smith, and none as to him was rendered by the jury." The defendants against whom the verdict had been rendered contended that there was no verdict effectual to support the judgment and the court said: " As the plaintiffs consented to and did accept the verdict against those defendants, it is difficult to see any further support for the action against the defendant Smith while the recovery on the verdict remains effectual."

*Hoffman* v. *Brooklyn, Q. Co. & S. R. R. Co.* (*supra*) was a case where the plaintiff, a passenger on one of the cars of a trolley company, sued to recover damages for personal injuries against the trolley company and the Long Island Railroad. The jury returned a

verdict as follows: " In favor of the plaintiff for the full amount, to be paid by the Long Island Railroad Company." The only motion made was by counsel for the railroad, to set aside the verdict as contrary to the facts, contrary to the law and contrary to the wording of the plaintiff's complaint. This was denied. No motions were made by the plaintiff or any of the parties requesting that the jury make a return one way or the other as to the trolley company.

In upholding the judgment based upon this verdict, and dis·missing the complaint against the trolley company, the Appellate Term of this department, speaking through MADDOX, J., said: " The verdict was effectual as between the plaintiff and Long Island Railroad Company and plaintiff, if aggrieved, might at that time have requested. the court to instruct the jury as to their duty to find one way or the other, or to make some return as to the trolley company; this her counsel omitted to do. It is to my mind clear that the jury found against the Long Island Railroad Company and in favor of the trolley company, for such is the only conclusion to be reached from the language of their verdict, which was ' to be paid by the Long Island Railroad Company ' and from his silence and omission to make appropriate motions plaintiff's counsel should be held to have acquiesced therein and to have accepted such result."

In *Saulsbury* v. *Braun* (*supra*) the jury brought in verdicts for the husband and wife against the city of Albany, and did not mention the defendants Braun. In approving such verdict, the Appellate Division, Third Department, in an opinion by DAVIS, J., said as follows: " The Brauns were not mentioned; and without sending the jury back to make correction, the court construed this verdict to be one in favor of the defendants Braun. It is likely that construction is justified, in the absence of objection by·plaintiffs. (*Lockwood* v. *Bartlett*, 130 N. Y. 340, 353; *Frascone* v. *Louderback*, 153 App. Div. 199, 201; affd. [*sub nom. Frascone* v. *Standard Oil Co.*], 208 N. Y. 631; *Hoffman* v. *Brooklyn, etc., R. R. Co.*, 78 Misc. 507.) "

The Court of Appeals affirmed *per curiam*, with costs, in favor of the plaintiff against the city of Albany, and in favor of the defendants Braun, against the plaintiff.

To refuse to enter the judgment herein prayed for would, in my opinion, be nullifying the jury's verdict, the meaning of which no one questioned when it was rendered; " it would be a reproach upon the administration of justice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberation of himself and his fellows. The power of a court of record over its records, and to make them truthful, is undoubted, and has

been exercised without question." (*Dalrymple* v. *Williams*, 63 N. Y. 361.)

The argument has been advanced that this motion cannot be entertained because made out of term. I do not agree with that contention since this is not a motion to amend or correct the jury's verdict. On the contrary, it is a motion to *effectuate the jury's verdict by interpreting it in the very sense it was intended by the jury, and so understood and accepted by the court and counsel when it was rendered, without objection.* Furthermore, the original motion, of which the present one is a renewal, *was made during the term when the case was tried.*

The admonition of Judge PECKHAM, in the case of *Hodgkins* v. *Mead* (116 N. Y. 166, 171), when he said: " In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure," is particularly applicable to the facts herein. In accordance with this principle, this court conceives it to be its duty to prevent the miscarriage of justice which is certain to ensue in this case if this motion is denied, for the movant-defendants would lose the benefit of a trial and a verdict in their favor, and would suffer the ordeal and expense of a retrial, merely because of technicalities.

Accordingly, the motion of the movant-defendants is granted, but without costs of motion and action (Civ. Prac. Act, § 1476), and the cross-motion of the plaintiff is denied, without costs. Settle orders on notice.