ELLROY C. HAND, Plaintiff, v. JULIA HILL and Another, Defendants.

Supreme Court, Trial Term, Dutchess County, April, 1938.

*William Harry Montgomery*, for the plaintiff.

*Slonim, Wekstein & Friedman* [*Sol Friedman* of counsel], for the defendants.

BLISS, J. This was a motion to set side a jury's verdict. The defendants complain, among other grounds, because the jury was allowed to separate for the night and to continue its deliberations the following day. The jury received the case on the morning of April eleventh. At four-fifteen P. M. that day it was directed to bring in a sealed verdict the following morning. Late that evening, upon direction of the court, it was permitted to separate for the night, to report into court again the next morning. It so reported and was then sent back for further deliberations. During that day it agreed upon a sealed verdict which was received in court the next morning.

Once a trial jury is formed it continues as an organized body until discharged by the court. The fact that it is allowed to separate does not discharge it nor render it incapable of further deliberation. In the case of *Porret* v. *City of New York* (252 N. Y. 208)

a jury which had separated after arriving at a sealed verdict was held not discharged thereby from further consideration of the case, and upon reassembling was sent back for further deliberation. Chief Judge Cardozo, writing for the Court of Appeals, said: " A jury which has separated after formulating a written verdict and leaving it, sealed, with the clerk or bailiff of the court, is not discharged thereby from the consideration of the cause. It is under a duty to return to the jury box upon the opening of court and report what has been done. It is a jury still, and not an unorganized group of individuals, members of the general panel. The verdict, if regular in form, and assented to by the jury when read in open court, will be accepted by the judge and recorded in the minutes. If it is imperfect or incomplete, or if the jury, when polled, are unwilling to assent to it, there may be a direction to retire and consider it again. * * * We are not to confuse cases where a jury has returned to the box after reporting an irregular verdict with those where it has been discharged altogether and relieved, by the instructions of the judge, of any duty to return. In such circumstances, it has ceased to be a jury, and if its members happen to come together again, they are there as individuals, and no longer as an organized group, an arm or agency of the law. The record does not fairly justify the inference that this jury had reassembled in any such desultory way. It had given what was at least the semblance of a verdict, a semblance which had procured for its members the opportunity to separate, but which left them still charged with a duty to complete what they had done. Function and organization continued unimpaired."

So in the instant case this jury was continued as an organized arm of the court until it determined the questions submitted to it. That the necessities of nature required that its members separate for the night should not interfere with its continuing as an organized body any more than it would with any other deliberative body. This is true especially where there is no charge of tampering or improper interference with the jury or any of its members. Trial juries are organized for the purpose of deciding questions of fact and not merely considering and disagreeing upon them. The courts should afford them every reasonable opportunity of properly performing their functions. In both the case cited and the instant case the jury had separated before arriving at a verdict and upon reassembling was directed to continue its deliberations. There is no distinction in principle between the two situations. The reasons for the separations are immaterial.

Motion denied.