HARRY EAGLE, an Infant, by ISAAC EAGLE, His Guardian ad Litem, and ISAAC EAGLE, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, King County, November 30, 1938.

*William Doblin* [*Robert R. Bauman* of counsel], for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*James E. O'Reilly, William R. Wilson* and *Helen C. Corbett* of counsel], for the defendant.

HOOLEY, J.   Four motions are before the court for determination. In the language of plaintiff's attorney, they are as follows: 1. To direct the clerk of the Trial Part not to receive the verdict as being irregular and ambiguous on its face, and to remove same from the record.   2. To reconvene the jury for the purpose of reconsideration of the said irregular verdict, and for the purpose of returning a verdict proper and regular in form.   3. To reconvene the jury for the purpose of polling the jury as to its verdict.   4. To set aside the purported verdict not under section 549 of the Civil Practice Act, but on the sole ground that the purported verdict is on its face not unequivocally a verdict for the defendant, but is irregular, improper and ambiguous on its face.

The jury retired for deliberation herein on Friday, November 4, 1938, at one-fifteen P. M. It was the last day of the jury term and it was also the last day of the October term of the court, and the presiding judge was scheduled to sit in Queens county commencing Monday, November 7, 1938. Accordingly the court requested counsel to stipulate that the verdict be opened on Monday morning in the absence of the court and the jury. The court left instructions that the jury was to be kept in session until eleven o'clock that evening unless it had sooner reached a verdict. At about five P. M. the jurors announced to the clerk that they had agreed upon a verdict, and they handed the sealed verdict to the clerk. On Monday morning the clerk opened the sealed verdict, which was signed by all of the jurors. Following is the language of the sealed verdict: "We, the undersigned jurors, duly drawn and sworn to try the above entitled action, say that we find a verdict for the defendant." (This was signed by ten of the jurors.)

Then the following language appears: "We, the undersigned jurors, do not concur in the above verdict." (This was signed by two of the jurors.)

Ten of the jurors stated that they found a verdict for defendant. Seemingly, therefore, there was a verdict herein for defendant (Civ. Prac. Act, § 463-a). However, after the names of four of those jurors signing the verdict for the defendant appeared the following respectively " Pr," " P," " PR," and " PR." Counsel for plaintiff contends that there is nothing on the face of the verdict to indicate the meaning of these markings, but that they are not without significance and that the verdict is, therefore, uncertain and ambiguous.

The court does not concur in this. As counsel for defendant contends, the four jurors after whose names the notations have been made must be presumed to be as intelligent as the two who voted for plaintiff. They received the same instructions from the court, and if they desired to vote for plaintiff they would have signed in the same part of the verdict as the two who did not concur in the verdict. The verdict is not ambiguous. Ten of the jurors definitely found for the defendant in clear language. The mere presence of the notations after the names of four of the said jurors does not render ambiguous the clear language: "We * * * say we find a verdict for the defendant."

In any event, it is too late to bring the jury back to consider the matter. They were discharged when they handed in their sealed verdict and were told not to return.

This case is not similar to Porret v. City of New York (252 N. Y. 208), upon which plaintiff relies. There after handing in the sealed verdict the jury was directed to and did return to court.

The court specifically said in that case, " We are not to confuse cases where a jury has returned to the box after reporting an irregular verdict with those where it has been discharged altogether and relieved, by the instructions of the judge, of any duty to return. In such circumstances, it has ceased to be a jury, and, if its members happen to come together again, they are there as individuals, and no longer as an organized group, an arm or agency of the law."

Here clearly there was no intention that the jury should return and the stipulation of the attorneys so contemplated. Not only was this true but there was an informal discussion which brought home to counsel that the jury was not to be polled and that its written verdict would answer the same purpose. Plaintiff's counsel's claim that he did not expressly waive his right to poll the jury is untenable in view of his stipulation and his knowledge that the jury was not to return on Monday.

Hence the jury having been discharged and the members thereof having separated, this court is without power to reassemble the jury so as to permit it to reconsider the matter, or to bring in a new verdict. (*International-Madison Bank & Trust Co.* v. *Silverman*, 234 App. Div. 619.)

Accordingly, all the motions made by plaintiff must be denied.

Plaintiff is not without remedy if there is proper proof that the verdict is an erroneous one even though the jury has been discharged. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Rippley* v. *Frazer*, 69 Misc. 415; affd., 149 App. Div. 399; *Wirt* v. *Reid*, 138 id. 760; *Spielter* v. *North German Lloyd Steamship Co.*, 232 id. 104.) The court will extend the October term for fifteen days after the date this decision appears in the *Law Journal* so that plaintiff may proceed as he may be advised.