FIRST WARD REALTY CO., INC., Respondent, v. 534 EIGHTH AVENUE CORPORATION and MAX ARONSON, Appellants.— Appeal from order denying defendants' motion to dismiss the complaint for insufficiency and also on the ground that the contract on which the action is founded is unenforcible under the Statute of Frauds, or, in the event that the motion to dismiss be denied, to direct that the complaint be made more definite and certain. Order affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

DAPHNE GILL GIBBS, Appellant, v. ANGELA SECCHIA, Also Known as ANGELA VIOLETTO, and DOMINICK VIOLETTO, Respondents.— Action for specific performance of an alleged oral contract to convey real estate or, in the alternative, to impress a trust thereon for moneys allegedly advanced by plaintiff for repairs, alterations and other charges. After a trial of the issues by the court without a jury, the complaint was dismissed on the merits. Judgment unanimously affirmed, with costs. Plaintiff not only failed to establish the cause of action alleged, but such cause of action was barred by the final order in a summary proceeding in the Municipal Court between the parties to this action or those in privity with them. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

ELLROY C. HAND, Respondent, v. JULIA HILL and MARY FOLEY, Appellants.— Action brought by the plaintiff, an undertaker, to recover from the defendants his compensation and disbursements for services. From a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying their motion to set aside the verdict and for a new trial, the defendants appeal. Judgment and order unanimously affirmed, with costs. At the trial a sealed verdict was ordered. Late in the evening, the jury having failed to agree, the court permitted them to separate and directed them to return to court the next morning to continue their deliberations. Upon their reconvening, the court, in the absence of counsel on both sides, admonished the jury to endeavor to reach a verdict by calm and dispassionate deliberation, pointing out that the amount involved was small and stating that he would dislike to put the county to the expense of another trial. Such separation of the jury before they reached a verdict was not irregular and did not effect their discharge as a jury. (Porret v. City of New York, 252 N. Y. 208.) This case is not within the rule stated in Schattner v. Heriman (247 App. Div. 730). The court's remarks to the jury on their return for further deliberation did not constitute an additional charge to the jury. Adel, Taylor and Close, JJ., concur; Lazansky, P. J., and Davis, J., concur in result.