CAROLINE M. COREY, Plaintiff, *v.* SMITH & POLLOCK, INC., et al., Defendants.

Supreme Court, Trial Term, Kings County, July 2, 1943.

*Abraham B. Fuss* for plaintiff.

*James H. Brassel* for defendants.

KLEINFELD, J. Motion to set aside verdict is granted.

The verdict of a jury of twelve impartial persons, who have arrived at a decision after careful attention to the proceedings, and due and earnest deliberation, should be upheld, whether or not the result is in accordance with the court's opinion. However, in this instance it is obvious that the attention of the jurors was unfortunately distracted during the trial, and that the members of the jury, in arriving at their verdict by a vote of ten to two, were seriously affected by their desire to put an end to their discomfort.

The trial took place in a courtroom located on the Livingston Street side of the courthouse. That being the side on which numerous trolley cars pass by, the noise from these cars made it necessary to keep the windows in the courtroom closed during the entire course of the trial. It happened that the heat and humidity were terrific throughout the trial, which lasted five days. The jury were laboring under a serious handicap, and expressed their discomfort by unanimously requesting on Thursday afternoon, after the lawyers had summed up, that the charge be postponed until the following day. All this indicates clearly that neither side received fair consideration by this jury.

While it is true that the jury had a right to believe that the plaintiff was not injured as severely as she claimed, the fact remains that the medical testimony clearly established that she had suffered either very substantial injuries, or none at all. The jury must have reached their verdict as a result of compromise because, had they believed the plaintiff, they would have awarded substantial damages. On the other hand, if they had disbelieved the plaintiff, and were not influenced by sympathy or their desire to wind up their duty hurriedly on account of the heat, they would have found for the defendant.

The jury were instructed, in unequivocal language, that if they believed the plaintiff, it was their duty to award her substantial damages; and if they believed, as the defendant claimed, that the plaintiff was a malingerer, or even honestly mistaken as to her injuries, that, in that event, she was entitled to no damages whatsoever. Clearly, these instructions were completely disregarded by the jury.

Justice requires that a trial be had under normal circumstances and conditions, and that the court's charge be accepted

and followed by the jury in their deliberations, to the exclusion of any extraneous matter or conditions. Under the circumstances, the court is constrained to set aside the verdict and order a new trial.