JOHN J. PICONE, Plaintiff, *v.* VITO PICONE, Defendant.

Supreme Court, Trial Term, Kings County, March 1, 1947.

*Jacob Lichtenstein* for plaintiff.

*Wm. B. Roulstone* for defendant.

F. E. JOHNSON, J.  Motion denied on the law and not in discretion.  Plaintiff sued his brother for $5,416.64 balance on a loan but defendant denied borrowing or receiving any sum whatever.  The trial issue was not as to how much he should recover but if he should recover any amount, and the jury was instructed that it was an " all or nothing " situation.  The unanimous verdict was for plaintiff for that liquidated amount; the verdict was therefore correct *in form* and needs no amendment, interpretation or clarification.

The jury was not polled, although counsel was asked if that was desired; they sat in their seats not only while the foreman reported the verdict and said it was unanimous, and during the argument on setting aside, but also while the court's many reasons for disagreeing with the verdict were put on the record; during all that long time no juror spoke or sought to speak. They were then discharged and told where to return in the morning; they departed without any juror making any comment or indicating dissent from what had been said by the foreman.

Now, on statements made shortly thereafter by two jurors to his counsel defendant moves, on affidavit at the same term and while the panel is still serving, for a new trial, a reconvening of the jury, or other relief.  The motion is not for any relief against the form of the verdict but because these jurors thereafter said they voted for plaintiff (1) through mistake or " misunderstanding " as to what they should do, or (2) that they did not understand what verdict was proper if plaintiff failed to meet his burden of proof and present a preponderance of credible evidence.

No one now suggests that the charge on the burden of proof was inadequate, not clear or sufficient.  They were told more than once that plaintiff had the burden of proof and was obliged to produce heavier and more convincing evidence of the truth of his claim, because that burden required him to prove his claim by a preponderance of credible evidence by heavier and more convincing proof.  The power to reassemble a jury that has reported *orally* and been duly *discharged* before the court is apprised of any alleged " mistake " of one or more jurors seems not to exist (CARDOZO, Ch. J., in *Porret* v. *City of New York,* 252 N. Y. 208, 211); what is there said otherwise about *sealed* verdicts (p. 210) is not relevant here.

There is power to *correct* a verdict if the *statement* of it is incomplete or inaccurate, as when the verdict arrived at is only *partly* given by the foremen; also, to reassemble the jury where the *form* of a verdict is thus or otherwise questionable; or the failure to follow the court's direction as to its *form* or *contents* is claimed or is apparent (4 Carmody on New York Pleading and Practice, pp. 3101–3104; *Hart* v. *National Casket Co., Inc.*, 161 Misc. 728; *Hanbury* v. *Metropolitan Securities Co.*, 215 App. Div. 225; *Urband* v. *Lubell*, 245 N. Y. 156; *Polsey* v. *Waldorf-Astoria, Inc.*, 216 App. Div. 86; *Hodgkins* v. *Mead*, 119 N. Y. 166; *Selig* v. *Alexander*, 185 App. Div. 322; *Cruikshank* v. *Cruikshank*, 38 App. Div. 580; *Porret* v. *City of New York*, 252 N. Y. 208; *Fox Co.* v. *Wohl*, 255 N. Y. 268; *Lockwood* v. *Bartlett*, 130 N. Y. 340.)

The cases cited by defendant are all applications of the rule as to verdicts defective in form, incorrectly reported or incomplete for failure to include all claims submitted for decision. *Corey* v. *Smith & Pollock, Inc.* (181 Misc. 331) showed misconduct by the jurors in hurriedly reaching a verdict; in *Clark* v. *Richards* (3 E. D. Smith 89) the whole jury disregarded an instruction; in *Voisin* v. *Commercial Mutual Ins. Co.* (60 App. Div. 139) the court, in the charge, gave the jury an incorrect rule of law; the *Sargent* decision (5 Cow. 106) which accepted the jury affidavits to impeach the verdict and explain the principle followed in figuring the damages, is not now the law; *Spielta* v. *North German Lloyd Steamship Co.* (232 App. Div. 104) is not relevant since there one of the jurors was guilty of fraud; in *Wirt* v. *Reid* (138 App. Div. 760) the foreman failed to report all that had been agreed upon; in *Rippley* v. *Frazer* (69 Misc. 415) they seemed to have reported on but two of the three questions, so the verdict was apparently incomplete; in *International Madison Bank & Trust Co.* v. *Silverman* (138 Misc. 690), the jury silently heard the foreman give but half the verdict and the court learned of that error later.

In such a situation as now appears the trial court lacks power to change or reject the verdict, or to reassemble them for further deliberation, or to order a new trial (4 Carmody on New York Pleading and Practice, p. 3092; *Rippley* v. *Frazer, supra*, p. 421, citing cases).

*In Matter of Nunns* (104 Misc. 350) a juror by material false statements, had gotten on the jury. In *McHugh* v. *Jones* (258 App. Div. 111) a juror concealed her knowledge of the defendant's family, and the affidavits were allowed only on the state-

ments of that juror concerning her suppressed knowledge. The affidavits did not go into the question of how the jurors discussed the *merits,* or arrived at the verdict; in *Broadway Building Co.* v. *Saladino* (81 Misc. 73) the misconduct of the jurors was in responding to fears of being held overnight, with the result that the verdict was a false one, and they knew it was being falsely rendered by the foreman; *O'Connor* v. *Ames Transfer Co.* (187 N. Y. S. 111) forbade the reception of affidavits showing mistake or misconduct tending to impeach or overthrow the verdict, citing authorities; *Winters* v. *Brooklyn & Queens Transit Corp.* (236 App. Div. 819) forbade reassembling the jury to reconsider the amount of the verdict; in *Payne* v. *Burke* (236 App. Div. 527) the affidavits of jurors that one juror made statements showing that he was not going to decide the case on the merits were rejected, citing authorities; in *Eagle* v. *City of New York* (170 Misc. 306) a sealed verdict, after which the jury had been discharged and had separated, was not to be the subject of reconsideration by an attempt to reassemble the jury; in *Strombald* v. *Hanover Fire Insurance Co.* (121 Misc. 322, 326, 327–328) the loser complained that the jury " did not understand the question submitted to them, and answered it in a manner other than they contemplated." The court quoted this language from an opinion: " ' It would be exceedingly dangerous to grant new trials, upon the testimony of jurors as to their *understanding* of the charge  *  *  * ' "; the affidavits of jurors were rejected as incompetent to impeach the verdict *since it is presumed that the jury followed the instructions given them;* in *Hanor* v. *Housel* (128 App. Div. 801) the authorities are collated showing that jurors may not impeach a verdict by showing that he or his colleagues did the wrong thing.

It seems obvious that what happened here is that when these two men heard the court's statement, after the verdict, of why in its opinion the plaintiff seemed not to have sustained the burden of proof they became converted to that view, and have evolved this explanation to excuse their own failure to make an intelligent appraisal of the witnesses and the oral and written evidence and to follow the court's charge on the law. They are typical of those jurors who agree with the last person who addresses them on any subject.