GLADYS BROWN TUCKER, as Administratrix, etc., of PAUL CHARLES TUCKER, Deceased, Respondent, v. NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein plaintiff stipulate to reduce the verdict in her favor to the sum of $7,500, in which event the judgment, as so modified, is affirmed, without costs. Ordinarily this court is averse to reducing a verdict rendered in a death case, but the facts presented by the record and by the papers in support of the motion for a new trial on the ground of newly-discovered evidence convince us that a verdict of $12,000 is excessive. The conclusion reached in this case is governed by the unusual facts here presented. In view of this decision the appeal from the orders denying motions for a new trial are dismissed. Young, Hagarty and Davis, JJ., concur; Carswell and Scudder, JJ., dissent and vote to affirm.

ANDREW VANDEMARK, Respondent, v. ALEXANDER M. KENNEDY, Doing Business under the Firm and Trade Name of A. M. KENNEDY TRANSPORTATION COMPANY, Defendant, and L. BEYER MOTOR COMPANY, INC., Appellant.— Judgment and order of the County Court of Dutchess county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

JOHN WINTERS, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and Others, Defendants.— Order of Appellate Term affirming judgment of the Municipal Court and said judgment reversed on the law and a new trial ordered, costs to appellant to abide the event, unless within ten days from the entry of the order herein plaintiff stipulate that he will agree to the entry of judgment for $350 against both defendants, in which event the order is affirmed, with costs as provided by the Municipal Court Code.† The record plainly shows confusion in the rendition of the verdict, and so in the interest of justice a new trial should be had if the stipulation be not given. The jury rendered a verdict for the plaintiff against the defendant, appellant, and the codefendant, Black Beauty Cab Corporation, " in the sum of $350 each." The verdict was recorded, and the appellant's motion to set it aside was denied. The jury's duties and powers thereupon ceased, in so far as this case was concerned, and its members remained in court during the term " as individuals, and no longer as an organized group, an arm or agency of the law." Three days later the court reconvened the jury and sent it back to further consider the case. The verdict as originally rendered and entered was legally sufficient for $350. (Farber v. Demino, 254 N. Y. 363.) The learned justice was without power to reassemble the jury and send it back to reconsider the verdict and enter judgment as upon a verdict for $700. (Porret v. City of New York, 252 N. Y. 208; International-Madison Bank & Trust Company v. Silverman, 234 App. Div. 619.) Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

---

* See Suffolk County Tax Act (Laws of 1920, chap. 311), as amd. by Laws of 1921, chap. 104, and subsequent amdts.— [REP.

† See N. Y. City Mun. Ct. Code (Laws of 1915, chap. 279), §§ 164, 172.— [REP.