FIREMEN'S INSURANCE COMPANY, Appellant, v. THE PURE OIL COMPANY, Respondent.— In an action to recover the alleged value of real property of plaintiff's assignor destroyed by a fire allegedly caused by the negligence of defendant in storing certain inflammables and other materials in the defendant's premises in the city of Newburgh, N. Y., in violation of General Business Law, section 302, and of a municipal ordinance, judgment was duly entered in favor of defendant and against the plaintiff, upon an order duly entered denying plaintiff's motion to set aside the verdict of no cause of action herein and to reinstate a verdict of $6,500 rendered by the jury in favor of plaintiff. From such judgment and order plaintiff appeals. Judgment and order reversed on the law and the facts, with costs, plaintiff's motion granted to the extent of setting aside the verdict of no cause of action and reinstating the verdict in favor of plaintiff for $6,500, and judgment directed to be entered thereon against the defendant, with costs. The verdict which the jury attempted to render in favor of defendant herein when it attempted to render a verdict in favor of the plaintiff in the companion action of *Newburgh Transfer & Storage Company, Inc.,* v. *The Pure Oil Company (post,* p. 910, decided herewith), was not received by the court upon the ground of inconsistency. The jury at the court's direction reconsidered its verdict and rendered one in favor of plaintiff in such companion action for $39,406.83, and in

favor of plaintiff herein for $6,500. The verdict thus attempted to be rendered in favor of defendant herein never legally became the jury's verdict. The court refused to receive it. The verdict for $6,500 subsequently rendered is the lawful verdict herein. It is supported by evidence and accords with law. The evidence presented issues of fact as to the alleged negligence of the defendant, contributory negligence of plaintiff's assignor, and damage. Those issues were properly submitted to the jury. There were no substantial errors upon the trial. The learned trial court, however, erred in making the order appealed from. Lazansky, P. J., Hagarty, Taylor and Close, JJ., concur; Adel, J., dissents in the following memorandum: It was error for the court to refuse to receive the verdict which the jury attempted to render in favor of the defendant. Such verdict was not inconsistent with that rendered at the same time in favor of the plaintiff in the action of *Newburgh Transfer & Storage Company, Inc.*, v. *The Pure Oil Company*. [See *post*, p. 910.] Upon reflection the court recognized the error and set aside the verdict which was received and entered after the jury, at the court's direction, reconsidered its verdict and rendered one in favor of the plaintiff. The second verdict was the result of the erroneous instruction by the court. The judgment and order appealed from are correct and should be affirmed.