■ HATTIE RUINA, Respondent, v. NU CAR CARRIERS, INC., et al., Appellants. (Action No. 1.) JULIUS TURTEL, Respondent-Appellant, v. NU CAR CARRIERS, INC., Respondent, and CHARLES RUINA, Appellant. (Action No. 2.) LILLIAN TURTEL, Respondent, v. NU CAR CARRIERS, INC., et al., Appellants. (Action No. 3.) (Consolidated actions.) — In a consolidated action to recover damages for injuries to person and property, the appeals are variously from the judgment entered after trial before the court and a jury, from an order setting aside the verdict in part, and from the order of consolidation. Appeal from order setting aside the verdict in part dismissed, without costs. No such order is contained in the record on appeal. Order of consolidation affirmed, without costs. No opinion. Judgment reversed and new trial granted, with costs to abide the event. The three actions, which were consolidated, were all based on a collision between an automobile owned by Julius Turtel and a truck and trailer owned by Nu Car Carriers, Inc. The automobile was being operated by Charles Ruina, and Turtel, his wife and Ruina's wife were passengers. The jury returned a verdict in favor of Mrs. Ruina against Nu Car and Turtel, in favor of Mrs. Turtel against Nu Car and Ruina, and in favor of Turtel against Nu Car and Ruina. Insofar as the verdict was in favor of Turtel against Nu Car, it was in disobedience of the instruction which the trial court had given to the jury that negligence of Ruina, if found, is imputed to Turtel and bars recovery by Turtel against Nu Car. Under the circumstances, the trial court should have refused to accept and record the verdict and should have repeated the instruction to the jury and directed them to arrive at a verdict which would be in accordance with the law as charged (see *Porret* v. *City of N. Y.,* 252 N. Y. 208; *Hatch* v. *Attrill,* 118 N. Y. 383, 388–389; *Warner* v. *New York Central R. R. Co.,* 52 N. Y. 437, 440; *Reilly* v. *Shapmar Realty Corp.,* 267 App. Div. 198, 200; *Firemen's Ins. Co.* v. *Pure Oil Co.,* 259 App. Div. 906). However, the verdict was accepted and recorded. Thereafter the trial court granted the motion of Nu Car to set aside the verdict to the extent that it was in favor of Turtel and against Nu Car. Obviously this was not grounded on the theory that the finding of negligence on the part of Nu Car was against the weight of the evidence or contrary to law, for the verdict was not set aside insofar as it was in favor of Mrs. Turtel and Mrs. Ruina against Nu Car, but patently on the theory that, in accordance with the above-mentioned instruction to the jury, no valid verdict could be returned in favor of Turtel against Nu Car, since Ruina had been found negligent. In effect, this constituted an amendment or correction of the verdict by the trial court. However, it was not one which merely cured the verdict as to a matter of form or irregularity. Nor was it one designed to give effect to a clearly indicated intent of the jury (see *Fox Co.* v. *Wohl,* 255 N. Y. 268; *Hodgkins* v. *Mead,* 119 N. Y. 166; *Dalrymple* v. *Williams,* 63 N. Y. 361; *Duerr* v. *Consolidated Gas Co. of N. Y.,* 104 App. Div. 465; *Farber* v. *Demino,* 254 N. Y. 363; *Baker & Co.* v. *Polygraphic Co. of Amer.,* 265 N. Y. 447; *Winters* v. *Brooklyn & Queens Tr. Corp.,* 236 App. Div. 819; note, 106 A. L. R. 418). If the jury in fact had had the said instruction in mind, they might, upon further deliberation, have determined that Ruina was not guilty of negligence and might have proceeded to render a verdict only against Nu Car. Under the circumstances, the entire verdict was tainted, and the interests of justice require a new trial as to all the causes. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.