EARL L. MARSHALL, Appellant, v. LOURON HOMES, INC., Respondent. (Action No. 1.) LOURON HOMES, INC., Respondent, v. EARL L. MARSHALL, Appellant. (Action No. 2.) — In an action by a landowner against a builder to recover damages for breach of a contract to construct a house (Action No. 1), which was consolidated for trial with an action by the builder against the owner to recover the balance allegedly due under said contract, together

with the amount allegedly due for "extras" (Action No. 2), the owner appeals from a judgment of the Supreme Court, Suffolk County, entered June 16, 1964, after a jury trial, which dismissed his complaint in Action No. 1 at the close of the entire case and, upon the jury's verdict in Action No. 2, awarded to the builder against the owner damages of $6,726, plus interest and costs, totaling $7,966.87. Judgment reversed on the law and a new trial granted, with costs to abide the event. The findings of fact have not been considered. In our opinion, it was error for the trial court to have dismissed the complaint in Action No. 1. The court reasoned that since the damages allegedly proven by the appellant owner were less than the unpaid balance due on the contract, a dismissal of the complaint was warranted as a matter of law. However, in his complaint, the owner alleged that the respondent builder had breached the contract in failing and refusing to complete the construction of the house and in defectively performing the work it did complete. Upon the proof adduced at the trial, it was for the jury to determine whether the builder had completed the contract either fully or substantially, and if it were to be found that the builder had, in fact, breached the contract then the builder would not have been entitled to recover the balance of the contract price. Under these circumstances, it was error for the trial court to have determined, by its dismissal of the complaint in Action No. 1, that the builder had performed its obligations under the contract and that the owner's damages were necessarily less than the amount which may have been due and owing to the builder. We further conclude that the dismissal of the owner's complaint in Action No. 1 prejudiced him in Action No. 2, since such dismissal constituted in effect a direction to the jury that it find that the builder had substantially completed the contract and was, therefore, entitled to recover the balance of the contract price less any credit to be allowed to the owner for damages sustained as a result of the builder's incomplete or defective performance or both. It was this very issue of performance, however, which the jury should have been free to consider and determine as a question of fact. We have examined the other arguments raised by the appellant owner on this appeal and find them to be without merit. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.