GRANT R. ROSE, an Infant, by RAYMOND P. ROSE, His Father, et al., Respondents, v. SAMUEL THAU, as Administrator of the Estate of RICHARD J. THAU, Deceased, Defendant and Third-Party Plaintiff-Appellant; WINIFRED D. LUCY, Third-Party Defendant-Appellant. (Action No. 1.)

GRANT R. ROSE, an Infant, by RAYMOND P. ROSE, His Father, et al., Respondents, v. WINIFRED D. LUCY, Appellant. (Action No. 2.)

Third Department, July 3, 1974.

*Donovan, Graner, Davidson & Burns* (*M. Bates Davidson* of counsel), for Samuel Thau, appellant.

*Harpending, Fox, Buck, Gleckner & Danaher* (*Arlington Gleckner* of counsel), for Winifred D. Lucy, appellant.

*De Filippo Brothers* (*Frederick J. De Filippo* of counsel), for respondents.

STALEY, JR., J. On April 22, 1970, plaintiff, Grant R. Rose, aged 19 years, was injured when the motorcycle on which he

was a passenger, and operated by Richard Joel Thau, collided with an automobile operated by Winifred D. Lucy. The accident occurred at the intersection of Route 17 and Center Street in the Village of Horseheads, Chemung County. At the intersection, there are four lanes of travel consisting of a right-hand turn lane, a driving lane, passing lane and left-hand turn lane. Route 17 runs generally east and west, and Center Street north and south. The Thau motorcycle was traveling east on Route 17 and the Lucy automobile was traveling west on Route 17 prior to the accident as they approached the intersection which was controlled by traffic lights.

Two witnesses at the trial gave key testimony as to the happening of the accident. One witness, Edward Schwartz, was operating a 1969 Chevrolet truck and was stopped in the left-hand turn lane of Route 17 facing east preparing to turn north. He observed the Lucy vehicle approaching in a westerly direction, half in the passing lane and half in the left-hand turn lane of Route 17 with no turn signal on until just prior to making a left turn in front of him and across eastbound Route 17. The other witness, Robert Suloff, was proceeding easterly on Route 17 in the passing lane at a speed of approximately 40 to 45 miles per hour, and passed the motorcycle operated by Richard Thau prior to coming to the intersection where the accident took place. At that time Mr. Suloff estimated the speed of the cycle at 30 miles per hour and stated that the light controlling the Route 17-Center Street intersection was green. As Suloff passed the motorcycle, he observed the Schwartz truck in the left-hand turn lane, and he continued to approach the intersection in the passing lane to the left of the motorcycle. Mr. Suloff observed the Lucy vehicle approaching the intersection from the west and believed she might make a left-hand turn, and he continued in the passing lane down to the intersection decreasing his speed and, as he came to the intersection, he realized the Lucy car was going to pull in front of him, and he applied his brakes and came to a stop. He was approximately 20 feet from the intersection when he stopped, and up to that time the motorcycle had not passed him on the right. After the Lucy car passed in front of him, he saw the motorcycle pass his right-hand side and run into the side of the Lucy car at the passenger's door. As a result of the accident, Thau was killed and Rose seriously injured.

The jury returned a verdict against defendants Lucy and the estate of Richard Joel Thau in favor of Grant R. Rose in the sum of $90,000, and in favor of his father, Raymond P. Rose,

in the sum of $17,500. In response to the question submitted by by the trial court that "if you held both defendants are negligent, then you must decide percentages", the jury reported "Percentage of fault for Richard Joel Thau 90% and for Winifred Lucy 10%".

Defendant Thau contends that the evidence does not support a finding of any negligence on his part. The evidence of damage caused by the impact to the Lucy car, the absence of skid marks by the motorcycle or any sound of brakes squealing, and the circumstantial evidence that Thau did not turn his motorcycle right or left to avoid the collision or reduce his speed prior to impact, support the jury's finding of negligence on his part. The issue of his negligence was purely factual and properly within the province of the jury to determine, and should not be disturbed.

Defendant Lucy contends that the order of the trial court correcting the verdict changing the apportionment of damages to 10% attributed to Thau and 90% attributed to Lucy was beyond the court's authority, and was an erroneous determination permitting the jurors to impeach the verdict. After the jury had rendered its verdicts, and the trial court had denied motions to set aside the verdicts, the third-party plaintiff, Thau, made a motion to correct the verdict on the ground that all the jurors had executed affidavits that the verdict was incorrectly reported, and that the verdict agreed upon by the jury would have apportioned the damages as follows: "90% of the negligence attributable to Lucy and 10% of the negligence attributable to Thau." The trial court granted the motion, vacated the original judgment, and directed the entry of a judgment in accordance with the corrected verdict.

Generally, evidence by all the members of a jury is competent to show that a verdict was incorrectly recorded by mistake. It has also been held that where there has been an honest mistake which, if not corrected, would prevent the finding of the jury as it actually was from being carried out, the correction of the verdict by the court was not an impeachment of the verdict by the jurors. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Wirt* v. *Reid*, 138 App. Div. 760; Ann. 18 ALR 3d 1132.)

In *Dalrymple* v. *Williams* (*supra*), the verdict of the jury was reported against both defendants. Thereafter, a motion based upon the affidavits of all the jurors was made to correct the verdict to hold only against one defendant as agreed upon originally by the jury. The trial court granted the motion, and the Court of Appeals affirmed, stating (p. 362): "If the fact

alleged is properly before us, there should be no doubt either as to the right of the plaintiff to have or the power of the court to grant the relief demanded. It would be a reproach upon the administration of justice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberations of himself and his fellows."

The Court of Appeals recognized the general rule that excludes affidavits to show mistake or error of the jurors in respect to the merits, or irregularity or misconduct, and the decisions setting forth the general rule. The court then further stated (p. 364): " They only decide that the verdict to which the jurors have once assented, and which they have reported to the court, cannot be impeached or set aside upon their declaration or affidavit. But the question is quite different when the allegation is that they have been misunderstood by the court, or erroneously reported to it, and that the entry made is not and was not their verdict. It is not an attempt to reverse their action in the jury room but to establish it. It is in the nature of an attempt to correct a clerical mistake."

The affidavits of the jurors here establish that apportionment of liability was incorrectly reported to the court, and the order correcting the verdict was proper and should be affirmed. In addition, we do not find that either of the verdicts was excessive.

The judgments and order should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, COOKE and KANE, JJ., concur.

Judgments and order affirmed, with costs.