■ R & R WRECKING CO., INC., Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, in which the defendant city counterclaimed for damages for breach of contract, the city appeals from a judgment of the Supreme Court, Queens County, entered March 10, 1975, which is in favor of plaintiff in the amount of $9,200, plus interest and costs, based upon a jury verdict in favor of plaintiff in the amount of $42,200 and in favor of the city on its counterclaim in the amount of $33,000. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact have not been reviewed. The contract in question called for the demolition of five buildings (and related work) for the sum of $166,000. Plaintiff demolished those buildings. In view of the scope of the work called for in relation to the defects complained of, it cannot be said that, as a matter of law, plaintiff did not substantially perform; the question was one of fact for the jury (see *Jacob & Youngs v Kent,* 230 NY 239, mot for lv to rearg den 230 NY 656; *Marshall v Louron Homes,* 24 AD2d 574). Similarly, the question of whether plaintiff was entitled to recover for extras, and whether defendant waived or was estopped from insisting on compliance with contract procedures for claiming those extras, cannot be determined as a matter of law, but was a question of fact for the jury (see *Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90; see, also, *Meads & Co. v City of New York,* 191 App Div 365). We find, however, that a new trial should be had because the jury award to both plaintiff and defendant is inconsistent with the instructions given by the

trial court and is clearly a product of confusion, or of inadequate deliberation or a compromise. Thus, the court had charged: "If you find for the plaintiff on the contract, if you find that they have substantially complied with the contract, in other words, they have done everything they are supposed to do except for something minimal, don't consider the defendant's counterclaim because if you find they have done it the City is not going to be obligated to spend the $122,000. But if you find the plaintiff is not entitled to recover under the contract, in other words, they did not substantially perform, then you have a right to go to the defendant's counterclaim." Yet the jury's verdict was: "THE FOREMAN: The verdict is in two parts. Part one; we find for the plaintiff in the sum of $42,200 which includes the sum of $9,200 for dumping fees. Part two; we find for the defendant in the sum of $33,000." In our opinion the verdict defies comprehension. The wide divergence in money claims, the jury's request for certain data, and, after hesitation, its sudden rendition of the verdict apparently without having received the data, even though it had now become available, suggests that the verdict was the product of confusion, or of lack of adequate deliberation, or was a compromise carefully constructed to eliminate a decision on the money claims of both parties, except to award plaintiff, as a net amount $9,200—the precise amount of the dumping fee which the trial court charged had been improperly deducted. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.