■ Nanette Pache et al., Appellants, v Kenneth Boehm, Respondent. (Action No. 1.) Dorothy G. Boehm et al., Respondents, v Nanette Pache, Appellant. (Action No. 2.)—In a consolidated negligence action to recover damages for personal injuries, etc., (1) plaintiffs in Action No. 1 appeal from so much of a judgment of the Supreme Court, Suffolk County, entered November 29, 1976, after a jury trial limited to the issue of liability only, as is in favor of the defendant in that action and against them and (2) defendant in Action No. 2 appeals from so much of the same judgment as is in favor of plaintiff Dorothy G. Boehm in that action and against her. Judgment reversed, on the law and in the interest of justice, and new trial ordered on all issues as between all parties, with costs to abide the event. This case presents a classic example of the need for greater use of special verdicts or general verdicts accompanied by answers to interrogatories (see CPLR 4111). The jury, in this complex negligence case arising out of an automobile accident which took place in 1972, originally returned a verdict in favor of Nanette and Arthur Pache (plaintiffs in Action No. 1) against the driver of the other vehicle, Kenneth Boehm. The jury also found in favor of Nanette Pache (defendant in Action No. 2) as to the claims of Kenneth and Dorothy Boehm (plaintiffs in Action No. 2). No verdict was taken on Nanette Pache's counterclaim for contribution against Kenneth Boehm, because Dorothy Boehm, the passenger, did not receive a favorable verdict against Nanette Pache. However, that evening Dorothy Boehm's attorney telephoned one of the jurors to discuss the trial and learned that the jury had in fact apportioned liability on Dorothy's claim between drivers Kenneth Boehm and Nanette Pache at 60% and 40%, respectively, based upon the negligence of both drivers. For some unknown reason, the jury had not returned a verdict favorable to Dorothy Boehm, even though the trial court had instructed it that she was not guilty of contributory negligence as a matter of law. The next day the court, which had been informed of this paradox, recalled the six members of the jury, who still remained on active duty on the county's panel. After questioning each of the jurors in order to determine whether they all had found both drivers to be negligent in the ratio of 60% to 40%, the court directed the entry of new verdicts consistent with that finding. Nanette Pache's verdict as plaintiff was set aside since the contributory negligence rule barred her recovery. The derivative claim of her husband Arthur met the same fate. A verdict was also directed in favor of Dorothy Boehm at the mutual expense of both drivers. It is well settled that a jury, once discharged, may not be recalled. Once a verdict is reached and the jury is dismissed, it ceases to be an agency of the law *(R & R Wrecking Co. v City of New York,* 53 AD2d 859; *Porret v City of New York,*

252 NY 208, 211; *Winters v Brooklyn & Queens Tr. Corp.,* 236 App Div 819). Where errors are made in reporting a verdict, the Trial Judge may, in his discretion and upon the unanimous affidavits or statements of the jurors, correct the judgment in accordance with the actual verdicts. However, this exception to the rule prohibiting impeachment of jury verdicts was not intended to encompass jury error in *reaching* a proper verdict. Where the record demonstrates substantial confusion in reaching a verdict the court may only direct a new trial to prevent a miscarriage of justice to individual litigants (see *Winters v Brooklyn & Queens Tr. Corp., supra; International-Madison Bank & Trust Co. v Silverman,* 234 App Div 619). Because of the confusion which obviously pervaded all of the jury's findings, a new trial should be ordered as to the claims of all of the original litigants (see *Cimono v City of New York,* 54 AD2d 843). Damiani, J. P., Titone, Gulotta and Margett, JJ., concur.