■ LUMISHA WILSON, Respondent, v NEW YORK RACING ASSOCIATION, INC., Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant New York Racing Association appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated April 4, 1986, which *sua sponte* set aside a jury verdict in its favor in the interest of justice (CPLR 4404 [a]) and directed that a new trial be held on the issue of liability.

Ordered that the order is reversed, on the law and as an exercise of discretion in the interest of justice, with costs, and the verdict is reinstated.

In the absence of indications that substantial justice has not been done, a successful litigant will be entitled to the benefits of a jury verdict in his or her favor *(Nicastro v Park,* 113 AD2d 129, 133; *cf., Koopersmith v General Motors Corp.,* 63 AD2d 1013, *lv denied* 46 NY2d 705). Consequently, while a trial court has discretion under CPLR 4404 (a) to set aside a verdict which is clearly the "product of confusion, or of inadequate deliberation or a compromise" *(R & R Wrecking Co. v City of New York,* 53 AD2d 859, 860), such discretion should be exercised cautiously *(Pache v Boehm,* 60 AD2d 867, 868; *see also, Micallef v Miehle Co.,* 39 NY2d 376, 381).

In this trip and fall case, which was not complex either factually or legally, the trial court premised its decision to set aside the verdict in the interest of justice on a gratuitous, postverdict inquiry from the jury as to the position of a rope on the appellant's premises over which the plaintiff claims she tripped. The trial court inferred therefrom that the jury rendered its verdict "without fully assessing the applicable facts". We have examined the record carefully and find that if any confusion existed, it had no effect on the propriety of the judgment *(cf., Micallef v Miehle Co., supra; Nicastro v Park, supra).* Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.