■ KATHLEEN WYLDER et al., Respondents, v JOAN M. VICCARI et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated Febru-

ary 10, 1987, which, upon the plaintiffs' motion for reargument of a prior motion to set aside a jury verdict, granted reargument, and upon reargument, set aside the jury verdict and ordered a new trial of the action.

Ordered that the order is reversed, with costs, the motion for reargument is denied, and the verdict is reinstated.

After a trial in which the jury found in the defendants' favor, the plaintiffs moved pursuant to CPLR 4404 (a) for an order setting aside the verdict on the ground that there existed "confusion" among the jurors with respect to the court's charge concerning the concept of comparative negligence. In support of the motion, the plaintiffs annexed the affidavits of 3 of the 6 jurors. In their affidavits, the jurors stated that they believed—based on the court's charge—that they could have found for the plaintiffs only if they first concluded that the plaintiff Kathleen Wylder was less than 50% negligent in connection with the automobile collision which gave rise to the lawsuit. The Trial Justice, however, denied the plaintiffs' motion, observing, *inter alia,* that he himself had questioned the jurors immediately after the verdict was rendered concerning their understanding of the charge on the law and that they had been unanimous in stating that they understood the charge. The court further observed in denying the motion that, in its postverdict comments to the jury, it had mentioned that a $100,000 settlement offer had been made by the defendants and speculated that perhaps the jurors who submitted the affidavits had been motivated by sympathy.

Thereafter, the plaintiffs moved to reargue the court's denial of their motion. In support of the motion, the plaintiffs submitted the affidavits of two jurors who stated that they had not been motivated by sympathy in submitting their prior affidavits. Upon reargument, the court granted the motion and set aside the verdict. The court was apparently motivated by what it described as similar juror confusion which had occurred in a subsequent, unrelated case involving the same issues of comparative negligence. The record reveals, however, that at no time did the plaintiffs' counsel raise any objection with respect to the court's comparative negligence charge nor was it asserted in the subsequent motions to set aside the verdict that the court's instructions with respect to that issue were erroneous or confusing. The defendants now appeal, arguing that the court improvidently exercised its discretion in setting aside the verdict. We agree.

As this court has recently observed, "[i]n the absence of

indications that substantial justice has not been done, a successful litigant will be entitled to the benefits of a jury verdict in his or her favor" *(Wilson v New York Racing Assn.,* 129 AD2d 577; *see also, Nicastro v Park,* 113 AD2d 129). Accordingly, "while a trial court has discretion under CPLR 4404 (a) to set aside a verdict which is clearly the 'product of confusion, or of inadequate deliberation or a compromise' *(R & R Wrecking Co. v City of New York,* 53 AD2d 859, 860), such discretion should be exercised cautiously" *(Wilson v New York Racing Assn., supra).*

Moreover, public policy concerns disfavor the use of juror affidavits for posttrial impeachment of a verdict *(see, Kaufman v Lilly & Co.,* 65 NY2d 449; *People v De Lucia,* 20 NY2d 275; *Russo v Jess R. Rifkin, D.D.S., P. C.,* 113 AD2d 570). Although under certain circumstances unanimous posttrial juror affidavits may be used to correct errors in reporting a verdict, this exception to the general rule is not intended to encompass jury error in reaching a verdict *(see, Pache v Boehm,* 60 AD2d 867, 868).

At bar, the trial record is devoid of evidence indicating the existence of juror confusion. Indeed, the Trial Justice himself observed that, when questioned immediately after the rendition of their verdict, the jurors were unanimous in stating that they understood the charge on the law. We note, moreover, that the jury requested no clarification of the court's instructions during its deliberations, nor did the plaintiffs' counsel register an objection to the court's charge with respect to the issue of comparative negligence. Inasmuch as the court's finding of confusion among the jurors appears to have been based principally upon matters outside the record, we conclude that the court improvidently exercised its discretion in setting aside the jury's verdict *(see, Pache v Boehm, supra).* Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.