■ JOSEPH SMITH, JR., et al., Respondents-Appellants, v ROB-ERT FIELD et al., Appellants-Respondents. [756 NYS2d 83] —In an action to recover damages for personal injuries, etc., (1) the defendants appeal (a), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated November 8, 2001, as granted that branch of the plaintiffs' motion which was to correct an error in reporting the jury verdict with respect to damages, (b) from the jury verdicts with respect to liability and damages, returned on July 25, 2001, and August 27, 2001, respectively, (c) from a judgment of the same court, dated November 30, 2001, which, upon the jury verdict as to liability and the corrected jury verdict as to damages, is in favor of the plaintiffs and against them in the principal sum of $140,000, and (d) from a resettled judgment of the same court, dated December 20, 2001, which is in favor of the plaintiffs and against them in the principal sum of $144,000, and (2) the plaintiffs cross-appeal (a), as limited by their brief, from so much of the order dated November 8, 2001, as denied their motion to set aside the jury verdict as to damages on the ground of inadequacy, (b) from the jury verdict as to damages returned on August 27, 2001, and (c) from the resettled judgment dated December 20, 2001.

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the appeal and cross appeal from the jury verdicts are dismissed, as no appeal or cross appeal lies from a jury verdict (see People v Pugh, 258 AD2d 674 [1999]); and it is further,

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the resettled judgment (see CPLR 5501 [a] [1]).

The verdict sheet regarding damages for future pain and suffering asked for the "total amount of damages, if any" and "the period of years for such award." The jury stated that the

amount awarded was $5,000 for a period of 20 years. At the time the jury reported its verdict and while the jury was still in the courtroom the plaintiffs' counsel asked for clarification as to whether the jury "intended to award $5,000 for each of 20 years or $5,000 total over a 20 year period." The trial court denied the plaintiffs' application for clarification, recorded the jury verdict for future pain and suffering as an award of $5,000, discharged the jury, and suggested that the plaintiffs' counsel make a motion to set aside the verdict. It should be noted that if there is a question as to whether the jury verdict has been properly reported, the best course is to inquire immediately, before the jury leaves the courtroom (see Bolm v Triumph Corp., 71 AD2d 429 [1979]; Wirt v Reid, 138 App Div 760 [1910]).

Thereafter, the plaintiffs moved, inter alia, to correct the verdict based upon the unanimous statement in writing of all six jurors, made immediately after the jurors were discharged, that they "intended to award plaintiff $5,000 per year for 20 years for a total of $100,000 for future pain and suffering." The statement was signed by each of the six jurors. The defendants acknowledge on appeal that, after the jury verdict was recorded, "the jurors stated that they had intended to award $100,000" for future pain and suffering. The fact that the statement was made and signed by each juror is uncontested. The defendants' position is that the trial court had no authority to consider the statement.

The trial court rejected the defendants' position, found that "it is obvious to me that the jury intended to award Plaintiff $5,000 a year for 20 years for a total of $100,000 for future pain and suffering," and corrected the jury verdict to reflect the jury's intent.

The law is well settled that jurors may not impeach their own verdict unless they had been subjected to outside influence in reaching their verdict (see Moisakis v Allied Bldg. Prods. Corp., 265 AD2d 457 [1999]; Bedell v Hornick, 245 AD2d 538 [1997]). However, there is an exception to the general rule in cases where there is a ministerial or clerical error in reporting the verdict. In such instances, "the Trial Judge may, upon the unanimous affidavits or statements of the jurors, correct the judgment to conform to the actual verdict" (Bedell v Hornick, supra at 538; see Dalrymple v Williams, 63 NY 361 [1875]; Rodriguez v Baker, 91 AD2d 143 [1983]; Rose v Thau, 45 AD2d 182 [1974]; Wirt v Reid, supra).

At issue here is not jury error in reaching a verdict, which is not subject to impeachment (see Moisakis v Allied Bldg. Prods.

*Corp., supra* at 458; *Wylder v Viccari,* 138 AD2d 482, 484 [1988]). Rather, the error was in reporting and recording the actual verdict. The trial court properly corrected the record of the proceedings to reflect the actual verdict.

We further find that the verdict on the issue of damages did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Yasuna v Big V Supermarkets,* 282 AD2d 744 [2001]; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510 [1995]).

The plaintiffs' remaining contention is unpreserved for appellate review. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.