Appeals from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 24, 2012. The order, inter alia, granted those parts of the motions of plaintiffs and *1163 defendant Crouse Hospital to set aside the verdict with respect to defendants James R. Caputo, M.D., and James R. Caputo, M.D., EC.
It is hereby ordered that the order so appealed from is modified on the law by denying those parts of the posttrial motions of plaintiffs and defendant Crouse Hospital to set aside the verdict as to defendants James R. Caputo, M.D. and James R. Caputo, M.D., EC., and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, injuries sustained by Kelley Butterfield (plaintiff) as the result of the alleged negligence of defendants James R. Caputo, M.D., and James R. Caputo, M.D., EC. (collectively, Dr. Caputo) in performing laparoscopic surgery on plaintiff at defendant Crouse Hospital (Crouse) and the alleged negligence of defendants in providing her with postoperative care. After a trial, a jury found that defendants were negligent, and that the negligence of Crouse was a substantial factor in causing plaintiffs injuries, but that the negligence of Dr. Caputo was not. The jury awarded damages to plaintiffs husband for past loss of consortium and to plaintiff for past and future pain and suffering, as well as future medical costs.
We agree with Dr. Caputo that Supreme Court erred in granting those parts of the posttrial motions of plaintiffs and Crouse seeking to set aside the verdict with respect to him. We therefore modify the order accordingly. “A verdict finding that a defendant was negligent but that such negligence was not a proximate cause of the [plaintiffs injuries] is against the weight of the evidence only when [those] issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (Santillo v Thompson, 71 AD3d 1587, 1588-1589 [2010] [internal quotation marks omitted]). “Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Schreiber v University of Rochester Med. Ctr., 88 AD3d 1262, 1263 [2011] [internal quotation marks omitted]). Here, plaintiffs alleged four different theories of negligence against Dr. Caputo, and we conclude that there is a reasonable view of the evidence to support a finding that Dr. Caputo was negligent in failing to provide Crouse’s resident staff with adequate information concerning the operative procedure and plaintiffs postoperative care, but that such failures were not the proximate cause of plaintiffs injuries (see generally id.).
Contrary to Crouse’s contention, however, the court properly *1164 granted plaintiffs’ “supplemental motion” to correct the verdict with respect to the award of damages for plaintiffs future pain and suffering. In support of the “supplemental motion,” plaintiffs submitted affidavits from all six jurors, who averred that they understood and agreed that plaintiff would receive $60,000 per year for a period of 30 years, not a total of $60,000 over the course of that period (see Smith v Field, 302 AD2d 585, 586-587 [2003]; Rose v Thau, 45 AD2d 182, 184-185 [1974]). We acknowledge that “public policy concerns disfavor the use of juror affidavits for posttrial impeachment of a verdict” (Wylder v Viccari, 138 AD2d 482, 484 [1988]). Here, however, “[t]he information afforded by the affidavits of the jurors is not to impeach, but to support the verdict really given by them” (Wirt v Reid, 138 App Div 760, 766 [1910]; see Dalrymple v Williams, 63 NY 361, 364 [1875]), and “where[, as here,] there has been an honest mistake which, if not corrected, would prevent the findings of the jury as it actually was from being carried out, the correction of the verdict by the court [is] not an impeachment of the verdict by the jurors” (Rose, 45 AD2d at 184; see Smith, 302 AD2d at 586-587). Contrary to Crouse’s further contention, the court also properly concluded that the corrected award of damages for plaintiffs future pain and suffering does not deviate materially from what would be reasonable compensation (see generally CPLR 5501 [c]).
Finally, we conclude that the court properly denied Crouse’s motion for a new trial based upon alleged juror misconduct inasmuch as the motion was supported only by hearsay (see Putchlawski v Diaz, 192 AD2d 444, 445 [1993], lv denied 82 NY2d 654 [1993]).
All concur except Fahey, J., who dissents in part and votes to modify in accordance with the following memorandum.