Held v Cheektowaga-Sloan Union Free Sch. Dist. (2025 NY Slip Op 04377)

Held v Cheektowaga-Sloan Union Free Sch. Dist.

2025 NY Slip Op 04377

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

520 CA 24-01659

[*1]CELESTE R. HELD, PLAINTIFF-APPELLANT,
v
CHEEKTOWAGA-SLOAN UNION FREE SCHOOL DISTRICT, DEFENDANT-RESPONDENT. (APPEAL NO. 3.) 

DAN CHIACCHIA ATTORNEYS, PLLC, HAMBURG (TIFFANY M. KOPACZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING PLLC, BUFFALO (KEVIN G. COPE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Daniel Furlong, J.), entered June 28, 2024 in a personal injury action pursuant to the Child Victims Act. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused on one occasion by her fourth grade teacher while she was a student in defendant, Cheektowaga-Sloan Union Free School District (District), in the early 1970s. A trial was held, and the jury found that the District was negligent in retaining, supervising, or directing the teacher but that its negligence was not a substantial factor in causing plaintiff's injuries. In appeal No. 1, plaintiff appeals from an order dismissing her complaint upon the jury verdict. In appeal No. 2, plaintiff appeals from an amended order denying her posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict and direct judgment in her favor or, in the alternative, order a new trial on the ground that the verdict is inconsistent and against the weight of the evidence. In appeal No. 3, plaintiff appeals from a judgment dismissing the complaint.
As an initial matter, the appeal from the judgment in appeal No. 3 brings up for review the propriety of the order in appeal No. 1 and the amended order in appeal No. 2, and thus the appeals from the order in appeal No. 1 and the amended order in appeal No. 2 must be dismissed (see Gumas v Niagara Frontier Tr. Metro Sys., Inc., 189 AD3d 2095, 2095-2096 [4th Dept 2020]; see also CPLR 5501 [a] [1], [2]).
We reject plaintiff's contention that Supreme Court erred in precluding the testimony of certain nonparty witnesses regarding the teacher's acts of sexual abuse of them before plaintiff was abused, but who did not report their abuse until after plaintiff was abused. It is well settled that "[t]rial courts are accorded wide discretion in making evidentiary rulings . . . [and that,] absent an abuse of discretion, those rulings should not be disturbed on appeal" (Mazella v Beals, 27 NY3d 694, 709 [2016] [internal quotation marks omitted]). "To be admissible [at trial], evidence must be relevant and its probative value outweigh the risk of any undue prejudice" (id.). We conclude that the court did not abuse its discretion in precluding the testimony of plaintiff's former classmates (see 2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 222 AD3d 1436, 1437-1438 [4th Dept 2023], lv denied 42 NY3d 904 [2024]). Moreover, even assuming, arguendo, that the court erred in precluding the testimony, we conclude that the error is harmless under the circumstances of this case, where the jury found that the District was negligent in retaining, supervising, or directing the teacher (see CPLR 2002; Saraiva v New York State [*2]Thruway Auth., 234 AD3d 1325, 1326 [4th Dept 2025]).
Plaintiff next contends that the court erred in denying her posttrial motion to set aside the verdict as contrary to the weight of the evidence because the issues of negligence and proximate cause were inextricably interwoven. She further contends that the court erred in denying her motion because the evidence so preponderated in her favor that the verdict could not have been reached on any fair interpretation of the evidence. We reject those contentions. "A verdict is not against the weight of the evidence merely because the jury finds a defendant negligent but determines that [its] negligence is not a proximate cause of the [plaintiff's injuries]" (Berner v Little, 137 AD3d 1675, 1676 [4th Dept 2016] [internal quotation marks omitted]; see Butterfield v Caputo, 108 AD3d 1162, 1163 [4th Dept 2013]). "Instead, [a] jury's finding that a party was at fault but that such fault was not a proximate cause of the [injuries] is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Berner, 137 AD3d at 1676 [internal quotation marks omitted]; see Almuganahi v Gonzalez, 174 AD3d 1492, 1493 [4th Dept 2019]; Butterfield, 108 AD3d at 1163). In addition, it is well settled that a motion to set aside a jury verdict as against the weight of the evidence should not be granted unless "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; see Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013]).
We conclude that the verdict is not against the weight of the evidence inasmuch as the issues of negligence and causation were not inextricably interwoven (see generally Pavlou v City of New York, 8 NY3d 961, 963 [2007]) and that the jury's finding that the District's negligence was not a proximate cause of plaintiff's injuries was based on a fair interpretation of the evidence (see LaMacchia v City of New Rochelle, 125 AD3d 817, 818 [2d Dept 2015]). "The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury" (Hain v Jamison, 28 NY3d 524, 528-529 [2016] [internal quotation marks omitted]; see Mirand v City of New York, 84 NY2d 44, 50 [1994]). Under the facts of this case, it was logically possible for the jury to find negligence without also finding proximate cause (see generally Berner, 137 AD3d at 1676). The jury could have concluded that the District's negligence was not a substantial factor in bringing about plaintiff's injuries and that the teacher was the sole proximate cause of those injuries (see generally Furch v Klinger, 173 AD3d 1672, 1672-1673 [4th Dept 2019]). Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Kunsman v Baroody, 60 AD3d 1369, 1370 [4th Dept 2009]; see also Schreiber v University of Rochester Med. Ctr., 88 AD3d 1262, 1263 [4th Dept 2011]), and we conclude that the District is entitled to that presumption here.
We have considered plaintiff's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court